JOHN YOUNG v. THE STATE.

No. 2146. Decided November 22, 1899.

**1. Appeal—How Taken—Entry of Notice of.**

By article · 883, Code of Criminal Procedure, it is provided that an appeal shall be taken by "giving notice thereof in open court, and having same entered of record." Held, this being a plain provision of the statute, a substantial compliance therewith must be made before an appeal can be taken.

**2. Same—Sentence.**

A simple recitation in the sentence, "that an appeal was taken," unaccompanied by independent record evidence of the fact of entry of proper notice of appeal, is insufficient. ·

**3. Same—Bill of Exceptions.**

A bill of exceptions does not constitute any part of the minutes of a court. It is therefore held that a recitation in a bill of exceptions, "that defendant has taken an appeal in this case," is not tantamount to the record entry thereof required by statute.

APPEAL from the District Court of Val Verde. Tried below before Hon. J. M. GOGGAN.

Appeal from a conviction of theft of two head of horses; penalty, two years imprisonment in the the penitentiary.

No statement necessary.

*W. K. Jones,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of theft, and his punishment assessed at two years confinement in the penitentiary, and he appeals.

The Assistant Attorney-General has filed a motion to dismiss this appeal on the ground that the record does not show that notice of appeal was given in the court below. We have examined the record carefully on this subject, and fail to find any order in the transcript showing that notice of appeal was given from the decision of the court below as having been entered of record. We do find in the bill of exceptions that notice of appeal was given, and we also find at the close of the sentence the following language: "But, inasmuch as the said defendant has taken an appeal in this case, the sentence herein will be suspended until said cause can be determined in said court of appeals." The question here presented is, do these entries constitute that which is required by law? Clearly the bill of exceptions constitutes no part of the minutes of the court. While the sentence is a part of the minutes of the court, and a very important part, yet we do not believe that the recitation in the sentence that the party has taken an appeal is tantamount to the notice of appeal, and the entry thereof required under article 883, Code Criminal Procedure. It may be possible that the party endeavored to take an appeal without

having given the proper notice, and the recitation in the sentence would apparently amount to no more than that. Said article provides, in clear language, that an appeal is taken by giving notice thereof in open court, and having the same entered of record. This is a plain provision of the statute, and a substantial compliance therewith must be made, before an appeal can be taken. In our view, there was a failure here to comply with the requirements of this statute. See authorities cited in Willson's Penal Code, art. 883. We accordingly hold that the motion of the Assistant Attorney-General is well taken, and should be sustained. The appeal is accordingly dismissed.

*Dismissed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]