# FEBRUARY, 1912.

L. HAMPSHIRE v. W. B. GREEVES ET AL.

No. 2198.   Decided February 7, 1912.

**Mortgage—Foreclosure—Conflicting Liens—Trustee's Sale—Intervention.**

In a suit by H to foreclose a mortgage given by G, L was made defendant as claiming a lien on the hand also created by G and alleged to be subordinate to that of H. L answered setting up: title in himself through sale under trust deed to satisfy such lien; the superiority of the lien so foreclosed because taken without notice of the unrecorded one of H; also title superior to plaintiff's mortgage, under trustee's sale to satisfy another lien, prior and superior to G's, and which had been created by G's vendor and assumed by G as purchaser. Held:

(1) The recognized rule that it is not allowable for one made a party to foreclosure proceedings as claiming rights under the mortgagor to set up title in himself independent of and adverse to that of the mortgagor was not applicable to the plea of L as holder of a title acquired under the trust deed given by the vendor of the mortgagor G and assumed by the latter in his purchase. (Pp. 624-628.)

(2) The rulings in Hinzie v. Kempner, 82 Texas, 617; Walraven v. Farmers' and M. Natl. Bank, 53 S. W., 1028; and Faubion v. Rogers, 66 Texas, 474; distinguished from the present case.   (Pp. 624, 625.)

(3) The right of sale under trust deed is a valuable one given by contract by the mortgagor and not to be impaired by any subsequent act of his in regard to the property. Sale under such power extinguishes the right of a subsequent mortgagee, the holder of the prior one being entitled to enforce his power of sale without resorting to foreclosure proceedings or to payment of the junior lien in order to do so. ( Pp. 625, 626.)

(4) The junior incumbrancer can protect himself by paying off the prior lien; but he is not entitled to notice of sale under the prior trust deed, nor to foreclose his mortgage against the purchaser at such sale, nor to redeem from such sale. Sale under the power was equivalent to a strict foreclosure.   (Pp. 626, 627.)

(5) The agency of a trustee in a deed of trust is not of such a character as to charge him with notice of transactions between the mortgagor and mortgagee outside of the instrument under which he acts.   (Pp. 627, 628.)

(6) L being a purchaser for value from the vendee at the sale under the trust deed given by G, and without notice of the prior unrecorded mortgage by G to plaintiff, was protected as an innocent purchaser under that sale, independent of his rights under the trust deed given by G's vendor.   (P. 628.)

Error to the Court of Civil Appeals, First District, in an appeal from Jefferson County.

Hampshire brought suit against Greeves and others for debt and foreclosure. From a judgment denying his foreclosure against defendant Landry he appealed, and on affirmance he obtained writ of error.

*Crook, Lord & Lawhon,* for plaintiff in error..—No title, adverse to the contract being enforced, can be litigated, and the holder of such adverse title is an unnecessary and improper party. Faubion v. Rogers, 66 Texas, 474; Hinzie v. Kempner, 82 Texas, 617; Walraven v. Bank, 53 S. W., 1028.

Only the title right or interest, whatever it was that was acquired by Ras Landry under the defendant W. B. Greeves, subsequent to plaintiff's mortgage, could be determined in this suit; and the defendant Ras Landry was before the court for no other purpose. Same authorities.

Having been brought in as a lienor or purchaser under the defendant W. B. Greeves, the defendant Ras Landry had no right to set up adverse title in himself, and have that litigated in this foreclosure suit. Same authorities.

Landry was the trustee in the Stokes deed of trust, and was, therefore, the agent of the Beaumont National Bank, and was charged as such agent with all the facts within the knowledge of his principal, the Beaumont National Bank, and can assert no greater rights than could the Beaumont National Bank in the premises. Duncan v. Hough, 27 S. W., 145; Harold v. Warren, 46 S. W., 657; 27 Cyc., 1451-2; Groesbeeck v. Crow, 85 Texas, 200.

*Robert A. John, Smith, Crawford & Sonfield* and *D. W. Glasscock,* for defendants in error.—Landry, acting in good faith without actual knowledge in his individual capacity after termination of the trust, is entitled to the same rights and protection as any other innocent purchaser, and can not be bound by imputed notice of such secret and undisclosed facts affecting the regularity of the sale made by Landry in his capacity as trustee not appearing in or suggested by the trust deed, powers, and record whereunder Landry in his capacity as trustee made the sale. Girardeau v. Perkins, 126 S. W. R., 637; Palmer v. Bates, 22 Minn., 532; Merchant v. Woods, 27 Minn., 396; 2 Ballard Real Prop., sec. 460-1, p. 419; Irvine v. Grady, 85 Texas, 122; 28 Am. & Eng. Ency. Law, 781, 822, 1024; Id., vol. 1, pp. 1149, 1150; Stephen v. Beall, 22 Wall., 329; Murrell v. Scott, 51 Texas, 526; 31 Cyc., 1194, 1593; Hamilton v. Lubukee, 51 Ill., 415, 99 Am. Dec., 562; Patty v. Middleton, 82 Texas, 587; Holmes v. Buckner, 67 Texas, 112.

The sale under the Stokes deed of trust cut off the equity of redemption of Geraci and his vendee Greeves and of appellant as the subsequent and junior mortgagee of Greeves and appellant has no right to redeem. Maulding v. Coffin, 6 Texas Civ. App., 416; Groesbeeck v. Crow, 85 Texas, 200; Fievel v. Zuber, 67 Texas, 275.

MR. JUSTICE DIBRELL delivered the opinion of the court.

This suit was by L. Hampshire against W. B. Greeves to recover on two notes of $1,000.00 each, dated March 28, 1903, due March 28, 1904, and March 28, 1905, respectively, payable to plaintiff and secured by a deed of trust of same date on lot No. 409, block 57, in the city of Beaumont. Ras Landry was made a party defendant by plaintiff, who alleged Landry's claim "some kind of a lien on said real estate through and under the defendant, Greeves," which was

"subject and junior to plaintiff's lien," and in "the alternative" that Landry claimed "absolute title and ownership to said real estate and under a written conveyance from the Beaumont National Bank or its trustees or agents, executed subsequent to plaintiff's mortgage aforesaid, and that the Beaumont National Bank for its title, claimed under an instrument of writing purporting to be executed by the said Greeves subsequent to the date of the execution of plaintiff's mortgage aforesaid; but plaintiff alleges the Beaumont National Bank claims no lien nor title nor interest to said property, and if defendant, Ras Landry, has any interest in said property, it is subject to the mortgage aforesaid, held by plaintiff. But to prevent a multiplicity of suits and to cut off the equity, if any, claimed by the said Ras Landry, he is a proper party to this suit."

Defendant, W. B. Greeves, answered by general demurrer and general denial.

The defendant, Ras Landry, answered by general demurrer, general denial, and, by special plea, that on June 11, 1901, the title to the lot in controversy was in one Stephen Geraci; that Geraci was the common source of both the alleged claims of the plaintiff and of the defendant's title; that Geraci on June 11, 1901, for the purpose of securing two notes, one for $1,000.00 and one for $1,065.00 due respectively on December 11, 1902, and on June 11, 1904, executed and delivered to Ras Landry as trustee for the benefit of J. W. Stokes, a deed of trust on said lot. Afterwards, on June 18, 1901, Stokes transferred said notes together with the mortgage lien securing them to A. E. Broussard, and afterwards on or about August 1, 1905, A. E. Broussard sold said notes to the Beaumont National Bank, together with the lien securing them, and that said bank, while the owner of said notes and lien which existed before the defendant, Greeves, plaintiff's mortgagor, acquired any title to said lot, requested the defendant, Landry, to sell the lot described in the deed of trust in accordance with its terms, for the purpose of paying off the indebtedness therein secured and while said bank was the legal and equitable owner of said notes notwithstanding this said Broussard joined in this request to the trustee. That the lot in controversy was sold under the deed of trust on September 5, 1905, in accordance with law, and bought in by the Beaumont National Bank, and on the following day, the trustee, Landry, executed a deed of conveyance to such purchaser, which was duly recorded in the deed records of Jefferson County. That the deed of trust under which defendant, Landry, claimed and derived title was made, executed, delivered and recorded before the execution and recording of plaintiff's lien, and that the title of defendant, Landry, so acquired was superior and paramount to plaintiff's title, either legal or equitable or any lien, claim or demand that plaintiff has against the property.

The defendant, Landry, further pleaded that Geraci, after he had given the deed of trust mentioned and while the same was a subsisting lien on the land in controversy, on April 29, 1902, conveyed said property to the defendant, Greeves, and that, as a part of the consideration, "Greeves, having theretofore assumed the payment of the Stokes note, secured as aforesaid by the deed of trust given by Geraci to Ras Landry, trustee," being indebted to the Beaumont National Bank in the sum of

$5,070.00 on December 12, 1903, conveyed the property in controversy to Walter J. Crawford, as trustee, for the Beaumont National Bank, which deed of trust was recorded December 12, 1903, and prior to the record of plaintiff's mortgage, which took place May 3, 1904. That the bank took said mortgage in good faith and without any knowledge, actual or constructive, of any claim of plaintiff, and thereafter on September 5, 1905, the Crawford deed of trust was foreclosed by sale thereunder and bought in by the Beaumont National Bank.

That on December 7, 1905, the Beaumont National Bank and J. L. Cunningham, who had theretofore acquired an apparent interest in said property, conveyed same to the defendant Landry for $3,500.00 by their warranty deed. That by reason of such sale and purchase the defendant Landry became a bona fide and innocent purchaser, for value of the property in controversy, and that the assertion of the pretended lien of plaintiff is a cloud upon his title and prayed that said lien in favor of plaintiff be declared as such, and that he be quieted in his title to said land.

The defendants, Beaumont National Bank and J. L. Cunningham, having been impleaded on their warranty by defendant Landry, for answer, demurred and entered a general denial to plaintiff's petition and defendant Landry's cross-action, and after pleading substantially the matters and things pleaded by Landry and presented such matters as made their title to the property in controversy good, the bank declaring itself to be an innocent purchaser for value without notice, presented other pleas not necessary to be mentioned in this opinion, since the issues involved in such special pleas are not raised by the assignments of error in this court.

The cause was tried with a jury and after the introduction of the evidence the court instructed a verdict for defendants, upon which judgment was entered. The cause was appealed in due time and by the Court of Appeals on May 31, 1910, affirmed, and is in this court upon writ of error.

The first assignment of error presented by the plaintiff in his application for writ of error is as follows: "The Court of Civil Appeals erred in holding that the defendant, Ras Landry, having been brought in as a lienholder or purchaser, under the defendant, W. B. Greeves, had a right to set up the adverse title held by himself under the foreclosure of the Stokes deed of trust; and in holding that the title asserted under the foreclosure of the Stokes deed of trust is not an independent title to that of L. Hampshire acquired from W. B. Greeves by the deed of trust herein sought to be enforced; because, having been brought in as a lienor or purchaser under the defendant, W. B. Greeves, the defendant, Ras Landry, had no right to set up adverse title in himself and have that litigated in this foreclosure suit."

The fifth assignment of error is so closely related to that above quoted that the two will be considered together. The point made in the fifth assignment being that the Court of Civil Appeals erred in holding that the "sale by the trustee, Ras Landry, effectually foreclosed all right of appellant to redeem under the junior mortgage held by him because the right of redemption of a junior lien holder is not cut off by a procedure to which the junior lien holder is not a party."

From a summarization of the pleadings of the parties to this suit it will be seen that the main question for determination is whether, under the circumstances and the facts as shown by the record, the defendant, Ras Landry, could plead as a defense to plaintiff's suit against Greeves for judgment on two certain notes and to foreclose a mortgage lien on the lot of land in controversy, his superior title to said lot of land emanating from a prior lien given by Greeves' vendor and by Greeves assumed to be paid the beneficiary of said lien and under whom Ras Landry secured his title.    Differently and abstractly stated, is it permissible under our system of procedure where one holds a prior lien on land with power of sale which has been foreclosed by the exercise of such power, to plead in bar of the right of the junior lien holder to foreclose such junior lien where the prior lien holder has been made a party to the foreclosure proceedings, his title to the land acquired by sale under such prior lien.    All the other questions presented by the assignments of error in this court are subordinate and collateral to the main question as above presented.

We are referred by counsel of plaintiff to the cases of Hinzie v. Kempner, 82 Texas, 617; Walraven v. Farmers & Merchants National Bank, 53 S. W., 1028, and Faubion v. Rogers, 66 Texas, 474.    Those cases serve as authority to support the general doctrine that in a proceeding to foreclose a mortgage lien, while it is proper to make any one claiming under the mortgagor a party to such foreclosure proceedings, it is not allowed to put in issue the mortgagor's title.    This seems to be denied the person called upon to defend against the plaintiff's suit to foreclose his lien, upon the theory that such proceeding would not be an adjudication of any title claimed by the defendant independent of and adverse to that claimed in the mortgagor, and hence no injury could result to the title thus claimed by the defendant.

The case of Hinzie v. Kempner, supra, is not in the slightest degree analogous to the case at bar.    Herbert Hinzie, for himself and as next friend for his minor brothers and sisters, children of Martin Hinzie and Susan Ann Hinzie their deceased mother, attempted to intervene in a suit by Kempner against Martin Hinzie to recover on a note and to foreclose a mortgage lien on certain lots of land, which had been given Kempner by the father of interveners.    The lots were the community property of the defendant, Martin Hinzie, and his deceased wife, and the interveners owned an undivided half of the property as heirs of their deceased mother.    The court held that they could not intervene in that proceeding as they could in no way be affected by the judgment in that case.    The rule established in that case is that where such facts exist as would entitle the intervener to an injunction, he may properly come in and establish his rights in the property against which foreclosure proceedings are sought by plaintiff.

In Walraven v. Farmers & Merchants National Bank, above, the sole question presented was, whether or not a defendant to a suit to foreclose a mortgage lien could plead in bar of plaintiff's right to a judgment of foreclosure a title independent of and adverse to that of the mortgagor.    Judge Key very properly held that "in an action to foreclose a mortgage, while it is proper to make any one claiming under

the mortgagor a party to the suit, the mortgagor's title to the land can not properly be put in issue."

The question presented in the case of Faubion v. Rogers, above, is not the question presented in this case, for in that case Thompson, the plaintiff, had sold a large tract of land to Perkins and Phillips, against which he held a vendor's lien to secure the purchase money. Perkins and Phillips sold a portion of the land to the defendant, Faubion, who was made a party defendant in the action by plaintiff against his vendees, Perkins and Phillips, to foreclose his lien. Faubion sought to defeat such foreclosure proceedings against himself by pleading his title acquired from Perkins and Phillips and from one Rogers to him in opposition to the Thompson's title. This right he was denied. "It is not for the reason that the adverse right may be owned by a stranger to the title upon which the lien sought to be enforced exists, that its owner is excluded from the suit, but because the validity of the title itself can not be litigated in the proceeding. It was not the intention of Thompson to try in that suit the validity of the Rogers title, and Faubion had no right to force him to do so."

The title of Faubion acquired from Rogers could not have been affected by the judgment in that proceeding further than as it might have been burdened by the foreclosure proceeding which he was amenable to by virtue of his voluntary purchase from Perkins and Phillips and consequent recognition of the Thompson title. If Faubion had not been a purchaser under the Thompson title, he could not have been properly made a party to the foreclosure proceedings and hence there was no way by which his independent and adverse title could have been impaired by such suit. But the case at bar presents a different state of facts and the defendant, Ras Landry, is differently situated with reference to the plaintiff. Plaintiff and defendant, Ras Landry, claimed under liens from the same party, one a prior and the other a junior lien. The prior lien had been foreclosed by a sale regularly and legally made and the opportunity afforded plaintiff to pay off the prior lien and thereby preserve the integrity of his junior lien. Ras Landry having held the title emanating directly and exclusively from the same grantor as the lien claimed by plaintiff, could not be required to acquiesce in the foreclosure proceeding of plaintiff on the theory that a title to the land can not be pleaded in bar of a proceeding to foreclose a lien against such land. If this principle is correct then a prior lien holder with power of sale given by contract, is restricted to foreclosure proceedings in equity in order to enforce his lien when the mortgagor has given a subsequent lien on the property to which proceeding such junior lien holder must be made a party. The recognition of this doctrine would in effect impair the obligation of contracts and would place in the power of the mortgagor by an independent and subsequent act of giving a second mortgage lien on the property such power of sale, and in the alternative to require such prior lien holder to resort to the courts for an enforcement of his lien contrary to his agreement solemnly entered into, or failing to do this, to subject himself to the payment of the junior lien in order to preserve his title. The right of sale given in a mortgage is a valuable right

acquired by contract inuring to the mortgage, and can not be impaired by any subsequent act of the mortgagor with regard to such property. Not only is such right of value to the mortgagee but likewise to the borrower, since it gives the power to foreclose without resort to the courts and thereby simplifies and facilitates the making of loans so desirable for the promotion of business.

To hold that the defendant, Landry, could properly plead in bar of plaintiff's action to foreclose his junior lien against the property in controversy, in view of the fact that his claim is in common with that of plaintiff from the same mortgagor, is in no manner departing from the well recognized doctrine in this State as held in the cases cited by plaintiff as above and in many other cases by our courts. If the junior mortgagee desired to protect his lien it was his privilege and duty to pay off the prior lien. Not having exercised this privilege where the opportunity has not been denied him, he can not by a suit to foreclose his junior lien under such circumstances deny the right of the holder under the foreclosure sale by the trustee to plead such title as a defense. The rule as announced by the decisions of our courts refers to adverse claims of those who are strangers to the mortgage and estate, but not to those who claim under the mortgagor. The text books announce the rule to be "adverse claimants can not be made parties to a foreclosure suit for the purpose of litigating their titles. The only proper parties are the mortgagor and mortgagee, and those who have acquired any interest from them subsequently to the mortgage. An adverse claimant is a stranger to the mortgage and the estate. His interest can in no way be affected by the suit, and he has no interest in it. There being no privity between him and the mortgagee, the latter can not make him a party defendant for the purpose of trying his adverse claim in the foreclosure suit. Even if an adverse claimant appears and puts his claim in issue, the court may refuse to pass upon it. A bill which makes defendants persons who claim title adversely for the purpose of litigating and settling their rights is bad for misjoinder and for multifariousness." (Jones on Mortgages, sec. 1440.)

"A junior incumbrancer is not entitled to a notice of the sale. In the absence of fraud or some undue advantage being taken, the law imposes no duty upon a person holding a prior mortgage or deed of trust to notify the holder of a similar subsequent or junior lien or incumbrance upon the same property of his intention to sell the property under his mortgage or deed of trust." (Jones on Mortgages, sec. 1821a; Hardwick v. Hamilton, 121 Mo., 465.)

The contention of plaintiff's counsel to the effect that "the right of redemption of a junior lien holder is not cut off by a procedure to which the junior lien holder is not a party," is not sound as we think, and not supported by authority or reason. The rule is thus tersely stated in Jones on Mortgages, section 1897: "The purchaser (under foreclosure proceeding by sale under the power given in the mortgage), takes the mortgagor's title divested of all encumbrances made since the creation of the power." And again in the same section: "A sale regularly exercised under a power is equivalent to strict foreclosure by a court of equity properly pursued."

· It was held in Aïken v. Bridgeford & Co., 84 Ala., 295, and in Childress v. Monette, 54 Ala., 317, that "when a regular sale is made under a power contained in the instrument, not only the mortgagor, but all persons claiming any interest in the equity of redemption by a privity of estate with him, are considered as parties to the proceeding, and are precluded by it as fully as if they had been made parties defendant by *regular subpoena* in an ordinary foreclosure suit."

It was alleged and proven as found by the Court of Civil Appeals that the defendant, Greeves, on December 12, 1903, gave a deed of trust to Walter J. Crawford, trustee, for the benefit of the Beaumont National Bank on the property in controversy to secure two notes aggregating $2,070.00, and that at the time this deed of trust was given and filed for record the deed of trust given by Greeves to plaintiff, Hampshire, was not filed for record. As to whether or not the bank had actual knowledge of the existence of the deed of trust given by Greeves to plaintiff the evidence was conflicting, but in so far as the defendant, Ras Landry, is concerned the Court of Civil Appeals found that he had no knowledge, either actual or constructive, of the existence of such lien and was an innocent purchaser from the Beaumont National Bank of the property in controversy, and likewise an innocent purchaser with reference to any contention that the bank had agreed to pay off the Stokes note or the notes held by plaintiff. So that the question resolves itself into one of law, whether or not the defendant, Ras Landry, who had no actual or constructive notice of any agreement or arrangement alleged to have been made between the defendant Greeves and the Beaumont National Bank under which he claims his title as the purchaser under the deed of trust sales, as to the payment of the Stokes note and the mortgage of plaintiff, was chargeable as matter of law with the knowledge of the bank as its agent. Was the defendant, Ras Landry, the agent of the bank at the time these several transactions are alleged to have taken place, and such agent as the knowledge of his principal would be imputed to. At the time Ras Landry was made trustee, Geraci was mortgagor and Stokes the mortgagee, and he became the special agent of both parties. (2 Posey U. C., 152; Jones on Mortgages, sec. 1771.) Being the agent of the original contracting parties, he, by virtue of his trusteeship, became the agent of the subsequent contracting parties, of Greeves when he assumed the payment of the Stokes note, of Broussard and of the bank when they became owners of the notes and lien. In so far as the deed of trust executed by Greeves to Crawford as trustee for the bank, Landry had no connection whatever, and, being in no way an agent of Greeves or the bank in a general sense, could not be affected with notice of any transaction between those parties. Nor do we think the character of agency created by the office of trustee as in this case could in any manner impute to him notice of any transaction between the principals with reference to the debt and lien not actually communicated to him. His duty as trustee was to act in that matter alone for both parties in "the utmost good faith and the strictest impartiality." When requested to sell the property it was his duty to do so, and if there existed any reason unknown to him why he should not make the sale as provided in the power given in the mortgage, it was the duty of

those who were immediately interested and who were in possession of the facts to notify the trustee the agent of them all for the purpose of executing the terms of the trust.

It appearing from the findings of the Court of Civil Appeals, which are sustained by the record, that the authority of Landry as trustee in the Stokes deed of trust to sell was complete; that if there was any agreement between the Beaumont National Bank and Greeves, in consideration of the Cunningham deed, whereby the bank agreed to pay off the Stokes note and plaintiff's debt, such facts were wholly unknown to defendant, Ras Landry; and that Landry paid value for the property in controversy under a deed from the Beaumont National Bank, he was an innocent purchaser for value and not affected with notice of the agreement between Greeves and the bank by reason of the agency arising out of the fact of his being trustee in the deed of trust from Geraci to Stokes. We think the sale under the deed of trust from Geraci to Stokes might be eliminated from the case and yet the title to the property in controversy be good in Landry by virtue of the sale by Crawford, as trustee for the bank, under the deed of trust given by Greeves. That deed of trust in so far at least as Landry's rights were affected was a prior lien to that of plaintiff and the sale thereunder conveyed the title to the property and was a perfect defense in the hands of an innocent purchaser against any claim arising out of plaintiff's mortgage, which was a junior lien with the equity of redemption lost.

We have not thought it necessary to discuss the other questions raised in the Court of Civil Appeals, which appear to us to have been properly disposed of. A careful review of the record and of the briefs of the parties and the authorities therein referred to lead us to the conclusion that no good reason exists why the judgment of the Court of Civil Appeals should be disturbed. Finding no error in the judgment of that court, it is affirmed.

*Affirmed.*