## LINDER et al. v. THOMAS et al.

### No. 9849.

Court of Civil Appeals of Texas. Austin.

Feb. 8, 1950.

Looney, Clark & Moorhead, R. Dean Moorhead, Austin, for appellants.

Lee Curtis, Belton, Coleman Gay, Austin, Cox, Brown, Daniel & Curtis, Temple, of counsel, for appellees.

GRAY, Justice.

This is an appeal from a judgment of the district court overruling appellant's plea of privilege.

Appellees filed suit in the district court of Bell County, Texas, against Von Linder to recover on a note and to foreclose a chattel mortgage lien given by Von Linder as security therefor. This note was payable in Bell County and it and the chattel mortgage were executed by Von Linder. Numerous articles of personal property are described in the mortgage, but only those items mentioned in the pleadings as against appellant (C. Linder) are material here. This pleading is in one paragraph of appellees' petition and is: "The defendant C. Linder is the father of Von Linder, and is claiming that he is the owner of the Lima Paymaster Shovel, dragline bucket, clamshell bucket and shovel stick described and included in the above described chattel mortgage executed by Von Linder, and is

claiming that Von Linder has never owned any interest therein, which claim of ownership on the part of C. Linder is false and untrue, the facts being that C. Linder does not now, and at no time ever did, have any interest of any kind in said shovel, buckets and stick, and that Von Linder is now and was, at the time he executed both of said mortgages, the owner of said shovel, buckets and stick."

Appellees' petition alleges that both Von Linder and appellant are residents of Travis County, and prays for foreclosure of the lien created by the chattel mortgage as against both defendants.

Appellant filed his plea of privilege and prayed that the suit against him be transferred to Travis County. In appellees' controverting affidavit they copied their petition, and, as to appellant, further alleged: "The allegations contained in said First Amended Original Petition, and particularly in Section XVI thereof, aver, and it is a fact, that the defendant C. Linder is claiming that he is the owner of the Lima Paymaster Shovel, dragline bucket, clamshell bucket and shovel stick described and included in the chattel mortgages described in said First Amended Original Petition and executed by Von Linder for the purpose of securing the payment of said notes, and that C. Linder is claiming that Von Linder has never owned any interest in said Lima Paymaster Shovel, dragline bucket, clamshell bucket and shovel stick. The true facts are that C. Linder does not now have, and at no time ever did have, any interest of any kind in said Shovel, buckets or stick. In view of the asserted claim of ownership of said equipment by C. Linder, the said C. Linder is a necessary party defendant to this suit, and without the presence of C. Linder before the court in this suit to foreclose said mortgage, no adjudication of foreclosure can be made, and therefore under Exception 29a of Article 1995 of Vernon's Annotated Civil Statutes, this court has venue as to the defendant C. Linder."

At the outset we may state that the pleadings do not allege, and the evidence does not show, that appellant is in possession of the property in question, or that he is claiming any title thereto by or through Von Linder.

We think the sole question for determination here is whether or not appellant is a necessary party to the foreclosure proceedings within the meaning of Section 29a of Article 1995, V.A.C.S. This section is: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

In Faubion v. Rogers, 66 Tex. 472, 1 S. W. 166, 167, the court said: "The only proper parties to a suit to foreclose a mortgage—and, of course, the rule holds good as to similar liens—are the mortgagor and the mortgagee, and those who have acquired any interest from them subsequently to the mortgage. 2 Jones, Mortg. § 1440. As there is no privity between an adverse claimant who is a stranger to the mortgage and the estate, he cannot be made a party for the purpose of trying his adverse claim in the foreclosure suit."

In Hampshire v. Greeves, 104 Tex. 620, 143 S.W. 147, 150, the court said: "The rule as announced by the decisions of our courts refers to adverse claims of those who are strangers to the mortgage and estate, but not to those who claim under the mortgagor. The text-books announce the rule to be 'adverse claimants cannot be made parties to a foreclosure suit for the purpose of litigating their title. The only proper parties are the mortgagor and mortgagee, and those who have acquired any interest from them subsequently to the mortgage. An adverse claimant is a stranger to the mortgage and the estate. His interest can in no way be affected by the suit, and he has no interest in it. There being no privity between him and the mortgagee, the latter cannot make him a party defendant for the purpose of trying his adverse claim in the foreclosure suit. Even if an adverse claimant appears and puts his claim in issue, the court may refuse to pass upon it. A bill which makes defendants persons who claim

title adversely for the purpose of litigating and settling their rights is bad for misjoinder and for multifariousness.' Jones on Mortgages, § 1440."

And in the opinion the court referred to Walravan v. Farmers' & Merchants' National Bank, Tex.Civ.App., 53 S.W. 1028, and said: "Judge Key very properly held that 'in an action to foreclose a mortgage, while it is proper to make any one claiming under the mortgagor a party to the suit, the mortgagor's title to the land cannot properly be put in issue.'"

The two foregoing cases by our Supreme Court were decided in 1886 and 1912, respectively. Section 29a, supra, was enacted in 1927. Prior to 1927 the above rule as to proper and necessary parties was applied and held to be applicable in venue cases. Shaw v. Stinson, Tex.Civ.App., 1911, 211 S.W. 505; Elder v. Staten, Tex.Civ.App., 242 S.W. 480.

As sustaining their view that venue as to appellant was properly retained in Bell County, appellees cite Pioneer Building & L. Ass'n v. Gray, 132 Tex. 509, 125 S.W. 2d 284, 286. In that case the Commission of Appeals decided an issue of venue under exception 29a on facts as follows: Max Collins and wife executed their note payable to appellant at Waco, in McLennan County, and to secure its payment gave a deed of trust on land located in Milan County. Max Collins died and Mrs. Collins qualified as independent executrix of his estate. Mrs. Collins, a resident of Milan County, as such executrix, conveyed the land to Gray, a resident of Walker County, who went into possession of the mortgaged property and was claiming it.

Appellant filed suit on the note and to foreclose the deed of trust lien in the district court of McLennan County. Gray was made a party defendant and filed his plea of privilege.

In overruling Gray's plea the court held that he was a necessary party in order to make a decree of foreclosure fully effective, and in its opinion said: "When the language of exception 29a is considered in the light of the law as it existed at the time of its passage, the sense in which 'necessary parties' is used therein seems to be clear."

The general rule as to proper and necessary parties in foreclosure of mortgage lien proceedings as it existed prior to the enactment of Section 29a is announced as the law in the case.

We do not think it can be said that the court there announced a rule as to necessary parties in foreclosure of lien proceedings as applied to exception 29a that is different to the rule as to such parties existing at the time of the passage of that

■ The question of venue in cases similar to the case here has been before the appellate courts of this state several times since exception 29a was enacted, and, from an examination of those opinions, it appears well established that if the party defendant is not shown to be in possession of the mortgaged property, or is not claiming his interest through the mortgagor, then he is a stranger to the cause and venue as to him cannot be retained. Johnson v. First Nat. Bank of Brenham, Tex.Civ.App., 42 S.W.2d 870; West Texas Const. Co. v. Guaranty Building & Loan Co., Tex.Civ.App., 93 S.W.2d 744; Northern Ill. Finance Corp. v. Sheridan, Tex.Civ.App., 141 S.W.2d 434.

We are of the opinion that appellees could have proceeded with their cause against Von Linder, and, if they procured a judgment against him, the sale of the mortgaged property would divest Von Linder of any title he had. Such would be the relief to which they are entitled under the mortgage.

■ We hold the trial court erred in overruling appellant's plea of privilege, for which reason the judgment appealed from is reversed with instructions to the trial court to sustain appellant's plea of privilege and to transfer the cause as to him to one of the district courts of Travis County. What we have here said renders it not necessary for us to discuss appellant's point four.

Reversed with instructions.