## M. T. Shaw v. Allied Finance Company.

No. A-7677. Decided June 22, 1960.
Rehearing Overruled July 20, 1960.
(337 S.W. 2d Series 107)

*Walker, Day* and *Harris,* and *Don E. Burdette,* all of Fort Worth, for petitioner.

*Locke, Purnell, Boren, Laney & Neely* and *J. L. Shook,* all of Dallas, for respondent.

MR. JUSTICE NORVELL delivered the opinion of the Court.

This is a venue case. We granted a writ of error because the holding of the Dallas Court of Civil Appeals in this case, 330 S.W. 2d 690, is in conflict with that of the Austin Court of Civil Appeals in Linder v. Thomas, 228 S.W. 2d 300.[1] We agree with the holding in *Linder* and accordingly the judgments of the trial court and the Court of Civil Appeals will be reversed, petitioner's plea of privilege sustained and this cause ordered transferred to the District Court of Tarrant County in accordance with the provisions of Rule 89, Texas Rules of Civil Procedure.

Respondent's motion asserting lack of jurisdiction because of mootness is overruled. Shell Petroleum Corporation v. Grays, 122 Texas 491, 62 S.W. 2d 113; Goolsby v. Bond, 138 Texas 485, 163 S.W. 2d 830. So far as the record discloses, there is still a controvery existing between petitioner and respondent which petitioner is entitled to have tried in the county of his residence.

This is a 5 - 29a venue case in which respondent sought to hold venue in Dallas County as to petitioner, M. T. Shaw, upon the theory that he was a necessary party to a chattel mortgage foreclosure suit. Article 1995, Sections 5 and 29a, Vernon's Ann. Texas Stats. Allied Finance Company brought suit against Marvin W. Parker as the maker of a promissory note payable in Dallas County. It also sought to foreclose a lien against a 1958 Cadillac automobile. Shaw was made a party defendant upon the allegation that he was asserting an interest of some kind in the automobile. Shaw filed his plea of privilege to be sued in Tarrant County where he resided. Such plea was overruled by the

---

1.—The Court of Civil Appeals cases cited herein relate to venue questions. Except where otherwise indicated, no application for writ of error or writ of mandamus was filed in any of them.

trial court and its judgment sustained by the Court of Civil Appeals which stated in the course of its opinion that:

"While the record before us leaves some doubt as to the exact nature of the interest which appellant asserts, it leaves no doubt that (1) he is claiming an interest of some kind, and (2) that he asserts an interest which is adverse and hostile to appellee's claim of a valid mortgage, and its right to foreclose the mortgage. We believe that appellee cannot get the complete and adequate relief to which it is entitled unless Shaw is a party to the suit."

Pioneer Building & Loan Ass'n. v. Gray, 132 Texas 509, 125 S.W. 2d 284, relied upon by the appellate court as supporting its decision, holds that one to whom a mortgagor has conveyed property subsequent to the executing of the mortgage is a necessary party to a suit to foreclose the mortgage under Article 1995, Sec. 29a. In the Gray case this Court said:

"In the case at bar the plaintiff had the absolute right, as against the mortgagors, under subdivision 5 of Article 1995, to maintain a suit upon its note and to foreclose its lien in McLennan County. In order to secure that right and make fully effective a decree of foreclosure, Gray was a necessary party. Without his presence in the suit no effective decree could be entered *enforcing the rights which appellant had under his contract with the mortgagors*. Limited relief could be obtained against the executrix alone, but not that character of relief to which appellant was entitled under its contract." (Italics added).

Pioneer Building & Loan Ass'n. v. Gray does not stand for the proposition that anyone who claims adversely to the mortgagor is a necessary party (under exception 29a) to a foreclosure suit. As pointed out in Linder v. Thomas, Texas Civ. App., 228 S.W. 2d 300, this court held in Faubion v. Rogers (1886) 66 Texas 472, 1 S.W. 166, that:

"*The only proper parties to a suit to foreclose a mortgage* —and, of course, the rule holds good as to similar liens—are the mortgagor and the mortgagee, and those who have acquired any interest from them subsequently to the mortgage. 2 Jones, Mortg. Sec. 1440. As there is no privity between an adverse claimant who is a stranger to the mortgage and the estate, he cannot be made a party for the purpose of trying his adverse claim in the foreclosure suit."

It was said in Hampshire v. Greeves, (1912) 104 Texas 620, 626, 143 S.W. 147, 150, (also cited in *Linder*) that:

"An adverse claimant is a stranger to the mortgage and the estate. His interest can in no way be affected by the suit, and he has no interest in it. There being no privity between him and the mortgagee, the latter cannot make him a party defendant for the purpose of trying his adverse claim in the foreclosure suit."

■ It follows as a logical proposition that those who are not proper parties cannot be necessary parties.

Under our venue statutes it must be clearly shown that the case comes within some well-defined statutory exception before one may be deprived of his right to defend a suit against him in the county of his residence. Meredith v. McClendon, 130 Texas 527, 111 S.W. 2d 1062; National Life Co. v. Rice, 140 Texas 315, 167 S.W. 2d 1021. The party relying upon exception 29a to hold venue in a county other than the county of the residence of a defendant asserting his statutory privilege must plead and prove that such defendant is a necessary party to the action. Ladner v. Reliance Corporation, 156 Texas 158, 293 S.W. 2d 758; Clark, Venue in Civil Cases, ch. 29a. Sec. 6; McDonald, Texas Civil Practice, Sec. 4.36. Here it was neither pleaded nor proved that Shaw had acquired an interest in or a claim to the automobile from the mortgagor, Parker, subsequent to the date of the mortgage which was January 3, 1958. In fact the evidence indicates that Shaw's claim to the automobile arose from a transaction had with Parker on December 13, 1957, some twenty days before the date of the mortgage. This suit is one between claimants under conflicting titles and the fact that one of them holds under a mortgage does not alter the situation. For example, we may consider two situations. First, A sues B for title and possession of a chattel which he holds under a bill of sale. B is entitled to defend in the county of his residence and there assert the illegality of A's bill of sale and urge the validity of his own title. In the second situation, A has mortgaged the chattel to C. C sues to foreclose his mortgage against A and joins B under an allegation that B is asserting some right or title to the chattel. The venue situation has not changed. As between C, A's mortgagee, and B, there still remains the title dispute which B is entitled to litigate in the county of his residence. It is only in cases where A, the mortgagor has conveyed to D or executed a junior mortgage to D that C, as first mortgagee, can join D as a necessary party to a foreclosure suit

under Article 1995, section 29a in order to secure a decree *making fully effective his contract rights under his chattel mortgage.* Pioneer Building & Loan Ass'n. v. Gray, 132 Texas 509, 125 S.W. 2d 284. As stated· in Stephenville Production Credit Ass'n. v. Drake, Texas Civ. App., 226 S.W. 2d 888, 890:

"It is also well settled that one 'merely claiming some interest in mortgaged property, upon which foreclosure is sought' is not a necessary party under Subdivision 29a. Northern Illinois Finance Corporation v. Sheridan, Texas Civ. App., 141 S.W. 2d 434, 436; Johnson v. First Nat. Bank, Texas Civ. App., 42 S.W. 2d 870; Shipley v. Pershing, Texas Civ. App., 5 S.W. 2d 799 [wr. dis.] and 43 Texas Jur., page 768.

"The interest or lien alleged and proved must be such that the mortgagee seeking foreclosure could not obtain the relief *to which he is entitled under his mortgage* without the presence of the claimant of such interest or lien as a party to the suit." (Italics added).

We do not wish to be understood as holding that Shaw's possession of the automobile at the time of filing of suit would call for a different holding in this case. Linder v. Thomas mentions the circumstance that the evidence failed to show that the appellant was in possession of the property. Stark v. Super-Cold Southwest Co., Texas Civ. App., 239 S.W. 2d 402, mand. overr. states by way of dicta that generally the person in possession of mortgaged property is a necessary party to a foreclosure suit. It could be argued that insofar as "possession" relates to the question of necessary parties, the nature of the claim asserted in connection with the possession is controlling. Here, however, as was the case in Stark v. Super-Cold Southwest Company, the evidence fails to show that the party asserting the plea of privilege was in actual possession of the mortgaged property at the time of the institution of this suit. Consequently, the question of whether or not one holding mere possession of a chattel, irrespective of the nature of his claim thereto, is a necessary party to a mortgage foreclosure suit under Article 1995, section 29a is not before us.[2]

---

2.—The statement of facts discloses that this case was tried primarily as a title suit with the respondent strongly urging that Shaw's claim under a bill of sale from Parker dated December 13, 1957, was illegal and void. It seems that the question of actual physical possession of the automobile at the time of the institution of the suit was not considered to be a matter of much importance. It is pointed out in the application for writ of error that the only testimony which could have any bearing upon the question of possession was that given by the sheriff of Wise County upon a prior hearing and re-introduced upon the present trial. The sheriff testified that Shaw told him that the automobile was not in Wise

The judgments of both lower courts are reversed and the cause remanded to the District Court to proceed as directed by this opinion.

Opinion delivered June 22, 1960.

Rehearing overruled July 20, 1960.

County and that he thought it was in California. This statement as to the evidence or lack thereof is not contradicted by respondent. It appears that after Shaw received a bill of sale for the automobile from Parker he in turn executed a bill of sale to R. V. Stegall, dated January 8, 1958, who applied for and received an Oklahoma certificate of title covering the Cadillac car. (The trial court upon objection of respondents excluded the Oklahoma documents because they were photostatic copies and the proper predicate for their introduction had not been laid. To the present point, this matter is immaterial except that it further indicates that the parties were trying a title suit rather than a venue issue.) It is stated in the briefs that the car was ultimately seized by the sheriff of Tarrant County and sold by a receiver appointed by the court. See, Shaw v. Allied Finance Co., Fort Worth Court of Civil Appeals, 319 S.W. 2d 820. While in the receivership case it seems to have been alleged that Shaw was in possession of the automobile, it does not appear from the record in the case now before us that Shaw was in actual physical possession of the automobile at the time foreclosure proceedings were instituted.