**ACME FINANCE COMPANY et al.,**
**Appellants,**

v.

**H. J. WEAVER et al., Appellees.**

**No. 4455.**

Court of Civil Appeals of Texas.

Waco.

March 10, 1966.

Rehearing Denied March 31, 1966.

Phillip L. Cyphers, Pasadena, Barnes & Elick, Charles Elick, McAllen, for appellants.

William H. Scott, Jr., Phelps, Kilgarlin & Snell, Jim S. Phelps, Houston, for appellees.

McDONALD, Chief Justice.

This is a venue case. Plaintiff Weaver filed suit in Harris County against defendants Mausoleum Sales Company, Garrett, Weekley, Wagner, Whalen and Acme Finance Company. The suit against Mausoleum Sales was upon a $12,000 installment note payable at Houston, Texas, out of realized profits of Mausoleum Sales (as defined); suit against Garrett was upon his written guaranty to guarantee the repayment of 40% of the note; and against all defendants for entering a conspiracy to take all assets from Mausoleum Sales Company, so that plaintiff's note could never be paid out of realized profits or in any other manner.

Defendants Mausoleum Sales and Garrett are residents of Harris County, and defendants Weekley, Wagner, Whalen and Acme are residents of Hidalgo County.

Defendants Weekley, Wagner, Whalen and Acme filed their pleas of privilege to be sued in Hidalgo County.

Defendants Mausoleum Sales and Garrett filed their answer and filed cross action against Weaver, Weekley, Wagner, Whalen and Acme, alleging that cross defendants had conspired together to appropriate the assets of Mausoleum Sales to their benefit and that because of such conspiracy, cross plaintiffs had been defrauded.

Weekley, Wagner, Whalen and Acme filed their pleas of privilege to the cross action to be sued in Hidalgo County.

Plaintiffs and cross plaintiffs timely filed their controverting pleas to defendants' and cross defendants' pleas of privilege.

Trial was before the court without a jury, which overruled all pleas of privilege.

Defendants and cross defendants appeal, contending: 1) Plaintiffs' controverting pleas were not timely filed; 2) The suit is for real property in Hidalgo County and venue in such county is mandatory; 3) Plaintiffs' suit is not within the exception of subdivision 5, Article 1995 Vernon's Ann. Tex.Civ.St.; 4) Plaintiff did not make out a prima facie case of fraud which fixed venue in Harris County.

The record reflects that defendants' pleas of privilege were filed on April 23, 1965, and that plaintiffs' controverting plea was filed on May 3, 1965. Plaintiffs' controverting pleas were timely filed.

Plaintiffs' suit is not a suit for the recovery of lands, but a suit on a note and guaranty thereof, and a suit to have conveyance of certain assets of defendant Mausoleum Sales to the other defendants declared void and in fraud of plaintiffs' rights. Such assets include contracts for purchase of crypts and the right to sell crypts.

The note on which plaintiff sued defendants Mausoleum Sales and Garrett was payable in Harris County, Texas. Moreover, defendants Mausoleum Sales and Garrett are residents of Harris County, Texas.

There is evidence of a conspiracy on the part of defendants of an unlawful appropriation and conversion of the assets of Mausoleum Sales by defendants, to the damage of plaintiff and cross plaintiffs.

Subdivision 4, Article 1995 V.A.T.S. provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. Subdivision 5 provides that suit may be brought upon a contract in writing in the county where the contract provides same performable. Subdivision 29a provides that wherever there are two or more defendants in any suit brought in any county, and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, such suit is maintainable in such county against all necessary parties.

The instant case is maintainable in Harris County under Subdivisions 4 and 5 as to defendants Mausoleum Sales and Garrett, and is maintainable against the other defendants by virtue of Subdivisions 4 and 29a.

The cross-plaintiffs' cross-action is maintainable in Harris County by virtue of Subdivision 4 against all cross-defendants.

The judgment is correct.

Affirmed.