## H. J. WEAVER, Appellant,

v.

## ACME FINANCE COMPANY, a co-partnership, Appellee.

### No. 223.

Court of Civil Appeals of Texas.

Corpus Christi.

Sept. 29, 1966.

Rehearing Denied Oct. 20, 1966.

See also 401 S.W.2d 259.

———◆———

William H. Scott, Jr., Houston, for appellant.

Charles Elick, of Barnes & Elick, McAllen, Ralph Alexander, of Kelley, Looney, McLean & Littleton, Edinburg, for appellee.

## OPINION

GREEN, Chief Justice.

This is a venue case. The trial court overruled appellant's plea of privilege to be sued in Harris County where he resides, and he appeals. Subsections 5–29a, 12 and 12–29a, and 14, Art. 1995, are involved.

On September 17, 1959, McAllen Cemetery Association entered into a contract with Gene Loewy Construction Company for the building of a mausoleum on land in Hidalgo County belonging to the Association. This was to be built at no expense to the Association. Construction Company received, as its consideration, the right to handle the sales of 80% of the crypts sold, with all proceeds of such sales to be retained by Loewy except $15.00 per crypt sold to be paid Association. The remaining 20% of the crypts were to go to Association.

All rights of Loewy under this contract were, on April 2, 1960, assigned to Mausoleum Sales Company, Inc., with the consent of the Cemetery Association. On December 1, 1960, Sales Company entered into a contract with Andis & Burris, General Contractors, for the construction of the mausoleum. To assist in financing this construction, Sales Company on February 1, 1961, for the purpose of securing a line of credit to the amount of $100,000.00 with W. D. Whalen, executed the note in litigation in the principal amount of $100,000.00, payable to the order of Whalen at McAllen, Hidalgo County, Texas, on demand. This note was signed by Mausoleum Sales Company, Inc., by its president, L. R. Garrett, and its secretary, Nell Rose Garrett. On the same date, a Collateral Assignment Agreement was executed by Sales Company, Cemetery Association, W. D. Whalen, and certain named trustees, under the terms of which Sales Company transferred all contractual rights it had in and to the proceeds of the sales of crypts and all other benefits under the contract and assignments heretofore mentioned to named trustees as collateral security for the payment of the aforementioned note. (Another note was also involved in this matter, which is not material to the venue issue.) It was stipulated and confirmed that the mausoleum, when constructed, should belong to Cemetery Association, subject to the rights of Sales Company and its assignees under the collateral agreement to sell and use the proceeds, except that $15.00 per crypt sold should go to Association, and Cemetery Association reserved the exclusive power and authority to execute and deliver deeds to the respective purchasers, subject to approval of the trustees.

Thereafter, according to plaintiff's evidence, W. D. Whalen assigned all of his

interest in the $100,000.00 note and collateral to plaintiff Acme Finance Company, a co-partnership, the present holder and owner of same.

The mausoleum has been finished. Many of the crypts have been sold under the agreements hereinabove mentioned and the sum of $45,000.00 has been credited to the principal of the note, according to the plaintiff's petition.

This suit was filed by plaintiff Acme Finance Co., a co-partnership consisting of Helen Spencer and M. L. Wagner, against Mausoleum Sales Company, Inc., L. R. Garrett and Nell Rose Garrett, on the note and collateral agreement. The petition asked for an accounting by defendants for the proceeds of all crypts sold by them, alleged a lien on all of the crypts except those retained by Cemetery Association, and prayed for foreclosure of said lien as a first lien superior to any claims of any of the defendants. H. J. Weaver was named as a party defendant under the allegation that he claimed some right to or encumbrance on the crypts allotted to defendants, that such claims constituted a cloud and an encumbrance against the title of said crypts and that any claim that Weaver has should be quieted as against the lien and interests of plaintiff under the collateral agreement.

We will use the singular in referring to plaintiff partnership, and will designate the parties as in the trial court.

Liability of the Garretts on the note and collateral agreement is based on the theory that as sole owners of all the capital stock of Mausoleum Sales Company, Inc., they have continued to operate the affairs of Mausoleum Sales Company in utter disregard of the corporate entity, notwithstanding that said company forfeited its charter in March, 1963, due to failure to pay franchise taxes.

All of the defendants filed pleas of privilege, the Sales Company and the Garretts, who resided in Harris County, joining in one plea, and defendant Weaver, also a resident of Harris County filing a separate plea. Plaintiff answered said pleas, filing one controverting affidavit to the plea of the first three named defendants, none of whom had his or its place of residence in Hidalgo County, and a separate affidavit to Weaver's plea. After a hearing, both pleas of privilege were overruled. Only defendant Weaver has appealed.

▉ Since Weaver did not sign either the note or the Collateral Assignment Agreement, nor, for that matter, any of the documents introduced in evidence, Exception 5, Art. 1995, does not place venue as to him in Hidalgo County. He had not contracted in writing to perform an obligation in such county.

Exception 29a, Art. 1995, reads as follows:

"Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

▉ It is not contended by appellant Weaver on this appeal that the suit was not lawfully maintainable in Hidalgo County as to the defendants Sales Company and the Garretts, and we find under the pleadings and the evidence that it was lawfully maintainable there as to said defendants. It is appellee's contention that Weaver was a "necessary party" to this action, and that this suit may be maintained as to him in Hidalgo County under the provisions of Exception 29a.

Plaintiff's allegation of Weaver's claim of "some right to or encumbrance on the crypts which were allotted to defendants as aforesaid" is based, according to evidence, upon allegations made by Weaver in a suit filed in the district court of Harris County, Texas, on a note prior in time to

the note here in question, executed by defendant Mausoleum Sales Company, Inc., payable to Weaver. As evidence of the right or encumbrance claimed by Weaver, plaintiff offered in evidence a short extract from Weaver's answer filed subject to his plea of privilege in the Hidalgo County case, quoting from his petition in the Harris County suit, as follows: " * * * and that they took all of its assets and inventory in violation of the statutes prohibiting and dealing with fraudulent conveyances and in violation of the Bulk Sales Law." Thereafter, in order to show what the Harris County law suit was about, defendant Weaver was permitted to introduce in evidence his petition in that case. The subject of such suit was a $12,000.00 note, signed by Mausoleum Sales Company, Inc. on April 2, 1960, payable to H. J. Weaver at Houston, Harris County, Texas out of realized profits of Sales Company. This date was prior to the execution of the $100,000.00 note on February 1, 1961. Besides the Sales Company, other defendants in the Harris County case were W. D. Whalen, L. R. Garrett, T. B. Weekly and Paul Wagner, the latter two being the trustees named in the Collateral Assignment Agreement, and Acme Finance Company, a Texas Corporation. Weaver alleged the existence of a conspiracy between the personal defendants from February 1, 1961, to fraudulently secure to themselves all of the assets of the Sales Company, and particularly its rights and assets in connection with the sales of crypts in the mausoleum, so that Weaver's note could never be paid out of realized profits. In connection with detailed allegations of fraud and conspiracy Weaver prayed for a judgment on his note against all of the defendants, and asked that conveyance of certain assets of Sales Company to other defendants be declared void and that a receiver be appointed to take possession of the contractual rights of Sales Company under the Loewy contract for the sale of crypts in the mausoleum, that he have an accounting of the personal defendants of amounts due to Sales Company, and that thereafter the obligations of Sales Company to Weaver be paid. That the venue of said case is properly in Harris County as to the parties to that suit has been determined. Acme Finance Company, et al., v. Weaver, et al., Tex.Civ.App., 401 S.W.2d 259.

Under our venue statutes it must be clearly shown that the case comes within some well-defined statutory exception before one may be deprived of the right to defend a suit against him in the county of his residence. The party relying upon Exception 29a to hold venue in a county other than the county of the residence of a defendant asserting his statutory privilege must plead and prove that such defendant is a necessary party to the action. Shaw v. Allied Finance Company, 161 Tex. 88, 337 S.W.2d 107; Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758.

It is well settled that one merely claiming some interest in mortgaged property upon which foreclosure is sought is not a necessary party under Exception 29a. The interest or lien alleged and proved must be such that the mortgagee seeking foreclosure could not obtain the relief *to which he is entitled under his mortgage* without the presence of the claimant of the interest or the lien as a party to the suit. Stephenville Production Credit Ass'n v. Drake, Tex.Civ.App., 226 S.W.2d 888, expressly approved by Texas Supreme Court in Shaw v. Allied Finance Company, supra.

The court in Shaw, supra, copies and adopts the following extract from Faubion v. Rogers, 66 Tex. 472, 1 S.W. 166:

" * * * The only proper parties to a suit to foreclose a mortgage—and, of course, the rule holds good as to similar liens—are the mortgagor and the mortgagee, and those who have acquired any interest from them subsequently to the mortgage. 2 Jones, Mortg., § 1440. As there is no privity between an adverse claimant who is a stranger to the mortgage and the estate, he cannot be made

a party for the purpose of trying his adverse claim in the foreclosure suit."

To the same effect, Hampshire v. Greeves, 104 Tex. 620, 143 S.W. 147; Linder v. Thomas, Tex.Civ.App., 228 S.W.2d 300, opinion approved by the Supreme Court in Shaw v. Allied Finance Company, supra.

The Weaver note sued on in the Harris County case was executed ten months prior to the note made the basis of the present suit. There are no allegations and no evidence that Weaver participated in any of the transactions concerning the $100,-000.00 note and collateral security agreement; in fact the testimony is that when these instruments and agreements were executed, and at all times since, he was not and has not been connected in any way with Sales Company or any of the other parties to the law suit.

Although Weaver's allegations in the Harris County suit may make his claims adverse to the claims of plaintiff in the present suit, they do not make him a necessary party in order that plaintiff may enforce the rights *which plaintiff has under his contract with the mortgagors.* Shaw v. Allied Finance Company, supra; Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758; Linder v. Thomas, supra; Stephenville Production Credit Ass'n v. Drake, supra. Plaintiff, on proper proof in the trial on the merits, would be entitled to its judgment on the note and foreclosure of its liens, if established, without the presence of Weaver as a party, and sale of the property under such foreclosure decree would divest defendants Sales Company and the two Garretts of any title to the mortgaged property they might have had. Such would be the relief to which they would be entitled provided they successfully establish their case by proof. Linder v. Thomas, supra. (p. 302 of 228 S.W.2d).

■ Plaintiff relies on Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284, as supporting its claim to venue under 29a. As stated in Shaw v. Allied Finance Company, supra, that case did not hold that any one who claims adversely to the mortgagor is a necessary party (under Exception 29a) to a foreclosure suit. The Gray case holds that one to whom a mortgagor has conveyed property *subsequent to* the execution of the mortgage is a necessary party to a suit to foreclose the mortgage under Art. 1995, Exception 29a.

Since defendant Weaver was not a necessary party to the present suit, the order of the trial court overruling his plea of privilege can not be sustained under the provisions of Exception 29a to Art. 1995.

Exceptions 12 and 14 to Art. 1995 are also relied upon by plaintiff to sustain the trial court's ruling. These exceptions read:

"12. Lien.—A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated."

"14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

■ Exception 12 does not, in our opinion, fix venue as to defendant Weaver in Hidalgo County under either the pleadings of plaintiff or the undisputed facts of the case. He was not a party to either the note or any of the instruments plaintiff relies on to create its lien. No fact is alleged to disclose any relation between Weaver and any of the other parties to the suit. Plaintiff's allegation that Weaver "claims some right to or incumbrance on the crypts which were allotted to defendants" do not state that such claimed interests, if any, were created subsequent to the creation of plaintiff's asserted lien, so as to make

Weaver a proper party to this foreclosure suit. Faubion v. Rogers, supra; Hampshire v. Greeves, supra. As stated by the Supreme Court in the latter case in referring to adverse claims of those who are strangers to the mortgage and estate, and quoted in Linder v. Thomas, supra,

" * * * adverse claimants cannot be made parties to a foreclosure suit for the purpose of litigating their title. The only proper parties are the mortgagor and mortgagee, and those who have acquired any interest from them subsequently to the mortgage. An adverse party is a stranger to the mortgage and estate. His interest can in no way be affected by the suit, and he has no interest in it. There being no privity between him and the mortgagee, the latter cannot make him a party defendant for the purpose of trying his adverse claim in the foreclosure suit. * * * "

Since there is no allegation or evidence that Weaver had any relation to any of the instruments relied on by plaintiff in its foreclosure suit, and since there is neither allegation nor proof that Weaver is asserting any claim to the crypts under the Sales Company, which is the source of plaintiff's lien as alleged, we hold that venue of this case as to defendant Weaver can not be sustained under Exception 12.

The venue facts necessary to be proved under Exception 14 are: (1) that the suit is one for title to real estate or damages thereto, or to remove encumbrances upon the title to land, or to quiet the title to lands, and (2) that the land involved is situated in the county where the suit is brought. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69; Woodworth v. Rogers, Tex.Civ.App., 367 S.W.2d 412; Petroleum Processing Inc., v. Roemer, Tex. Civ.App., 396 S.W.2d 528. The question which we must first determine here is whether or not this is a suit for title to land, or to remove encumbrances upon the title to land, or to quiet the title to land. This question is determined by the allegations of the petition. See authorities cited immediately above.

We have carefully read the fact allegations in plaintiff's petition, and are of the opinion that plaintiff's suit is not one involving title to or any other rights in land. Plaintiff does not sue to recover title to land, or to remove any cloud or encumbrance to title to land. The suit is on a note, and to foreclose on certain contractual rights concerning the sale of crypts in a mausoleum. It is nowhere alleged that plaintiff had any title to any land or real property. The rights which, according to the petition, plaintiff had from the assignment of the collateral agreement by Mausoleum Sales Company, Inc. to the trustees and Whalen, and the subsequent assignment of all such rights to plaintiff, were the rights to the proceeds of the sale of 80% of the crypts in the mausoleum reserved by the builder of the mausoleum in its contract with the Cemetery Association. Such rights were to be held in trust by trustees named for that purpose to secure the payments of the note in litigation. Such rights did not create any interest in land, but constituted personal property.

Nowhere in the petition does plaintiff claim to own any title to the crypts, even if it be conceded, which we do not, that such crypts constitute lands. The most that plaintiff claims is a first and prior lien on the crypts, on which a foreclosure is asked. " * * * it is well settled that an action to foreclose a lien on real estate is not governed by the provisions of Exception 14. * * * " Bennett v. Langdeau, Tex.Sup.Ct., 362 S.W.2d 952, 955.

In Brader v. Ellinghausen, Tex.Civ.App., 154 S.W.2d 662, on page 665, the court had this to say:

"We have outlined the holding in each of the cases cited by appellant, to demonstrate that none of them is in conflict with the decisions holding that a suit for foreclosure of a lien is not governed by Section 14. * * * An allegation

that one or more of the defendants is claiming some character of interest in the land does not convert the suit into one affecting the title in such way as to bring the suit under Section 14. * * * Citing authorities."

We hold that venue in Hidalgo County as to defendant Weaver can not be sustained under Exception 14.

The trial court erred in overruling the plea of privilege of defendant Weaver. The facts were fully developed. The cause against Weaver is severable from that against the other defendants. The judgment of the court as to the defendant Weaver is reversed, and judgment is here rendered sustaining his plea of privilege, and changing the venue of this cause against defendant Weaver to one of the district courts of Harris County, Texas. Rule 89, Texas Rules of Civil Procedure.

Reversed and rendered.