808

Helen SPENCER et al., Appellants,

v.

H. J. WEAVER et al., Appellees.

No. 4568.

Court of Civil Appeals of Texas.

Waco.

Feb. 9, 1967.

Kelley, Looney, McLean & Littleton, Ralph L. Alexander, Edinburg, Phillip Cyphers, Pasadena, Barnes & Elick, Charles Elick, McAllen, for appellants.

William H. Scott, Jr., Phelps, Kilgarlin & Snell, Jim S. Phelps, Houston, for appellees.

## OPINION

WILSON, Justice.

Venue aspects of this non-jury plea of privilege appeal were once decided by us. Acme Finance Company v. Weaver, Tex. Civ.App., 401 S.W.2d 259, writ dism. We will not repeat the facts there summarized. The pleadings leading to that first appeal alleged Acme Finance Company was a corporation, and the allegation was not denied.

After that appeal was disposed of Helen Spencer and M. L. Wagner filed a suit in another county in which they asserted Acme was a partnership and they were the partners. Plaintiff Weaver then filed an amended petition in the original suit in which Acme was alleged to be a partnership, and Spencer and Wagner were made defendants as the partners. This appeal results from the overruling of their pleas of privilege. Again there are no pleadings of denial of existence of the partnership as provided by Rule 93(f), Texas Rules of Civil Procedure.

Plaintiffs' cause of action is alleged to be based on conspiracy. Acme is averred to be a co-conspirator, and there is evidence of probative force from which it could be properly found that Acme and the constituent partners were such, and engaged in the conspiracy alleged.

Absent a verified denial of the alleged partnership, the averments are taken to be true as against the pleas of privilege. Rule 86, Texas Rules of Civil Procedure; Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758, 763. The record reflects appellants are necessary parties, and venue is maintainable under Subd. 29a, Art. 1995, Vernon's Ann.Civ.Stats.

Affirmed.