**Robert M. MOREHEAD et al., Appellants,**

v.

**CITIZENS NATIONAL BANK OF WACO, Appellee.**

**No. 4531.**

Court of Civil Appeals of Texas.

Waco.

Nov. 3, 1966.

Rehearing Denied Nov. 17, 1966.

W. R. Griffitts, Harold Abramson, Dallas, for appellants.

Phil E. Teeling, Waco, for appellee.

OPINION

TIREY, Justice.

This is a venue case, nonjury. The factual situation involves the exceptions of subdivisions 5, 12 and 29a of Article 1995, Vernon's Ann.Tex.Civ.St. The trial court overruled the defendants' plea of privilege. We affirm. At the request of defendant, Harold Clark, the trial court made Findings of Fact and Conclusions of Law. We quote the pertinent parts:

"FINDINGS OF FACT

"1. Plaintiff, The Citizens National Bank of Waco, proved a prima facie case for debt, evidenced by a promissory note executed by Robert Morehead, defendant, a resident of Dallas County, Texas, payable to the order of the plaintiff, and for foreclosure of a chattel mortgage lien securing said note.

"2. On March 29, 1965, Robert Morehead, defendant, executed a promissory note in the principal sum of $40,000.00, payable to the plaintiff, The Citizens National Bank of Waco, Texas.

"3. Said note is payable at the plaintiff's office in Waco, Texas.

"4. Said note is secured by a chattel mortgage and lien on certain personal property listed in the chattel mortgage, said chattel mortgage having been executed by the defendant Robert Morehead and in favor of the plaintiff.

"5. This is an action in debt by the plaintiff to collect the balance due on said note and to foreclose its chattel mortgage lien on said personal property.

"6. Said personal property is located in Waco, McLennan County, Texas.

"7. The defendant, Harold Clark, is in possession of said personal property, either in person or by and through his agent.

### "CONCLUSIONS OF LAW

"1. There is no evidence before the court that plaintiff was enjoined by the bankruptcy court or any other court, from proceeding in this court against the defendants, Robert Morehead and/or Harold R. Clark.

"2. The defendant Harold R. Clark is a necessary and proper party in this cause, and venue of said action against him is properly in this, the 54th Judicial District Court, McLennan County, Texas, under the provisions of Article 1995, V. A. T. S."

The appellee plead that Clark was in possession of the property.

At the outset we think it pertinent for us to state that we have carefully examined the statement of facts and the transcript and that the evidence shown in the statement of facts is ample to sustain appellee's allegation that Clark was in possession of the property, and each finding of fact made by the trial court. Such being our view this case is ruled by the pronouncement of our Supreme Court in Shaw v. Allied Finance Company, 161 Tex. 88, 337 S.W.2d 107, and the cases there cited.

The judgment is assailed on what appellants designate as five points. They are substantially to the effect that the court erred:

1. In holding that any exceptions to venue in County of Appellant's residence exists.

2. In its finding of fact that the personal property was in Waco, McLennan County, Texas; there is no evidence of such, or, alternatively, insufficient evidence of such, and such finding is contrary to the record and the total evidence.

3. In excluding appellant's evidence regarding the payment by appellee to a Dallas Bank in order to extinguish a prior chattel mortgage lien on the furniture involved herein and the possibility of the furniture's being in Dallas County instead of McLennan County.

4. In admitting Bank's Exhibit 2, being a letter prepared by others than the witness and possibly mailed by others than the witness; there is no proof of mailing or of receipt of same by appellant; further, said exhibit is a rough photocopy which was not properly proven nor predicate laid for introduction.

5. In overruling the plea of privilege of appellant, for, as a matter of law, the suit cannot be sustained, and therefore if the basic cause of action does not exist —venue cannot exist in McLennan County, Texas.

Since appellee plead that appellant was in possession of the property, and since we are of the view that the evidence is ample to sustain each and every finding made by the trial court, the alleged points of error asserted by appellants are overruled. Being of the foregoing view we make no further comment, except to say that this cause is ruled by the pronouncement of our Supreme Court in Shaw v. Allied Finance Company, supra, and the cases there cited.

Each of appellants' alleged points of error is overruled, and the cause is affirmed.