**Ted MUSICK et al., Appellants,**

v.

**A. H. BURKHALTER, Appellee.**

No. 6921.

Court of Civil Appeals of Texas.

Beaumont.

May 11, 1967.

Ted Musick, Houston, for appellant.

A. H. Burkhalter, pro se.

PARKER, Justice.

In the 133rd District Court of Harris County, Texas, a temporary injunction was granted in favor of A. H. Burkhalter against Ted Musick and/or Arch Hollingsworth as trustee for the alleged "Ted Musick Trust" enjoining such defendants from dispossessing Burkhalter and/or interfering in any manner with the present possession of Burkhalter and/or his duly authorized agent and/or agents, tenant and/or tenants occupying a tract of land in Harris County, Texas, providing that said plaintiff Burkhalter shall prior to the issuance of such writ of temporary injunction file with the clerk a bond executed by him in the sum of $20,000 payable to defendant Ted Musick, individually, and Arch Holl-

ingsworth, as trustee for the Ted Musick Trust. Such bond was not made. Such order was entered January 6, 1967. Ted Musick has appealed.

Plaintiff Burkhalter prayed judgment for title to realty, alleging he acquired title by deed dated June 30rd, 1966, from Clayton O'Quinn. The deed in evidence is dated June 30, 1966. In evidence is a deed of trust dated November 22, 1965 filed for record December 1, 1965, in the office of the county clerk of Harris County, in which Clayton O'Quinn conveyed this land to Ted Musick, trustee for the use and benefit of "Ted Musick Trust" securing the payment of certain indebtedness owed by Clayton O'Quinn. Such deed of trust contained the usual powers of sale in case of default.

Burkhalter alleges:

"IV. That on or about the 30th day of December, 1966, under Cause Number 714,201, styled Arch Hollingsworth, Trustee, et al vs. Clayton O'Quinn, filed in the 151st Judicial District Court of Harris County, Texas, the Defendant, Ted Musick, on behalf of himself and the alleged Ted Musick Trust, did secure a writ of possession based on a summary judgment rendered in said cause in which the aforesaid Clayton O'Quinn was the sole Defendant and in which said cause of action your Plaintiff was not made a party and of which cause of action he had no knowledge. Your Plaintiff would show that such judgment as rendered in said cause on or about the 21st day of November, 1966, purports to grant title and possession to said Arch Hollingsworth, Trustee of the Ted Musick Trust, and is based on an alleged Trustee's Deed made pursuant to foreclosure proceedings instituted by the Defendant, Ted Musick, said Trustee's Deed not being placed of record until August 15th, 1966, although dated March 1st, 1966."

"VI. That said alleged foreclosure sale by which the alleged 'Ted Musick Trust' received an alleged Trustee's Deed dated March 1st, 1966, executed by Ted Musick, Trustee, was and is based upon a spurious, false and fraudulent deed of trust and no notice of said foreclosure sale was given to this Plaintiff and no notice of the above litigation was given to this Plaintiff and it is hereby alleged that Ted Musick and/or the Ted Musick Trust acquired no title to said property by reason of said litigation. Your Plaintiff would further show that a writ of possession now in the hands of Constable Walter Rankin of Precinct ——, Harris County, Texas, and/or his deputy constables has been issued pursuant to said judgment aforesaid and unless said constables, Ted Musick and/or Arch Hollingsworth, alleged Trustee of the Ted Musick Trust are restrained and enjoined irreparable harm and damage will be done to your Plaintiff by ousting him and his tenant, Clayton O'Quinn, from possession. Your Plaintiff would show that in this connection, there is a going horse training business now being conducted on said premises and that such writ of possession if allowed to become effective will seriously undermine, hamper and for all practical purposes close said business to the detriment of your Plaintiff herein unless restraining order against said officers be issued at once, and at a time affixed by the Court for hearing a temporary injunction issued restraining said officials from ousting your Plaintiff from possession.

"WHEREFORE, premises considered, your Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and upon final hearing hereof, your Plaintiff prays for judgment for title to this property, and because of matters alleged hereinabove, that a restraining order issue enjoining and restraining the Defendants and/or any peace officer within the jurisdiction of this court from enforcing said alleged writ of possession, after due notice and hearing, your Plaintiff prays for a temporary injunction until final hearing, for

his costs and for such other and further relief, both at law or in equity, to which he may show himself justly entitled."

The allegations in such petition were verified.

The sworn answer of Ted Musick, individually, is as follows:

"This Honorable 125th Judicial District Court does not have the jurisdiction to set aside a final judgment and order that never has been appealed from or never has been attacked of the 151st Judicial District Court. The Courts having equal jurisdiction. The 125th Judicial District Court is therefore not the appellate court for the 151st Judicial District Court. Honorable John Compton in the 151st Judicial District Court on the 21st day of November, 1966, signed a judgment in Cause No. 714,201, styled Arch Hollingsworth, Trustee, et al vs. Clayton O'Quinn, together with direction for execution by way of possession orders to the Clerk, Sheriff and Constable. This judgment has not been appealed from or attacked in any manner and is final. Therefore, this Court has no jurisdiction in this matter.

"If further answer is necessary, this Defendant respectfully shows this Honorable Court that on the fact of Plaintiff's pleadings, if he had any lien or title to this land, it was secondary to the lien that was foreclosed on in the above styled and numbered cause, and therefore, he would take if anything under Clayton O'Quinn, whom the previous judgment foreclosed on. Therefore, any title that he would have would be subject to the claim for Clayton O'Quinn.

"If further answer is necessary, this Defendant respectfully shows this Court that this is not a matter for injunctive relief. That the Plaintiff has shown no possession, and that it is a matter which would be subject to damages after final judgment, if such is had. Therefore, no injunctive relief lies.

"If further answer is necessary, this Defendant advises the Court that he has only appeared as attorney and as Trustee for the sale, and he has only represented the Trustees of the Ted Musick Trust in the capacity of the lawyer and appeared as next friend on behalf of his minor children, and that he has no individual personal interest in this matter.

"Defendant generally denies each and every, all and singular, the allegations contained in Plaintiff's original petition, and demands strict proof thereof."

Appellant's point of error 3 is as follows:

"3. The Trial Court erred and abused his discretionary power in taking jurisdiction of Arch Hollingsworth, Trustee, Constable Rankin and all deputy constables, and through Arch Hollingsworth, Trustee the beneficiaries of the Ted Musick Trust, without service of citation, without appearance in Court, without representation in Court, without appointment of ad litem attorneys for the minors involved, and without service of certified copy of the injunction on him or any one of the Defendants or the beneficiaries of the Trust."

which will be considered with appellant's point of error 7, Subdivision (a) contending the trial court erred in finding as a fact that Ted Musick was in fact the alter ego of the Ted Musick Trust and Subdivision (e) of point of error 7 where appellant urges the trial court erred in finding as a fact the trustee's deed to Arch Hollingsworth was null and void and of no force and effect. Rule 681, Texas Rules of Civil Procedure provides: "No temporary injunction shall be issued without notice to the adverse party." Rule 683, T.R.C.P., provides:

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is

binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

Rule 686, T.R.C.P., provides for a hearing upon an application for a temporary injunction.

The transcript and statement of facts do not show that Arch Hollingsworth, trustee of the Ted Musick Trust, was served with citation or that he appeared in any manner in this proceeding. Plaintiff Burkhalter sued Ted Musick, individually, and Arch Hollingsworth, as trustee of the Ted Musick Trust. There is no evidence that Ted Musick is in fact the alter ego of Ted Musick Trust as found to be a fact by the trial court and stated in the temporary injunction order that such finding of fact is a basis for the order granting thereof on January 6, 1967. From the evidence and the pleadings, it appears that Burkhalter under the common source of title has no title to the land. Neither does Ted Musick, individually, or in any capacity. The trial court could not acquire jurisdiction of Arch Hollingsworth in his capacity as trustee of the Ted Musick Trust unless the Ted Musick Trust was simply another name for Ted Musick. There is no evidence that Ted Musick has any interest in or authority over such trust. Neither is there any evidence that the trustee's sale to the Ted Musick Trust under the deed of trust was null and void and of no force and effect.

The trial court considered the pleadings in the instant case as to the summary judgment entered in Cause No. 714,201 in another district court of Harris County, Texas, to-wit: the 151st Judicial District Court. Such judgment and judgment roll is not in evidence.

There are instruments in evidence that conclusively contradict some of the allegations in plaintiff's petition as hereinafter set forth. The allegation that the trustee's deed was not placed of record until August 15, 1966 is not borne out by the trustee's deed itself, which shows that it was not only dated March 1, 1966, but was filed for record in the office of the county clerk on the same day, March 1, 1966. Before Burkhalter obtained the deed from Clayton O'Quinn on June 3, 1966, the deed of trust of November 22, 1965, filed for record December 1, 1965 had been foreclosed with the title being transferred to "Ted Musick Trust" on March 1, 1966, with the trustee's deed having been filed for record in the office of the county clerk on the same day. Burkhalter acquired no title of any kind by the deed from Clayton O'Quinn dated June 3, 1966. Under Arts. 6631, 6646, Vernon's Ann.Civ.St., Burkhalter had constructive notice of the deed of trust and the trustee's sale thereunder before he obtained any deed from O'Quinn. In Hampshire v. Greeves, 104 Tex. 620, 143 S.W. 147, 150, it was held:

"The right of sale given in a mortgage is a valuable right acquired by contract inuring to the mortgagee, and cannot be impaired by any subsequent act of the mortgagor with regard to such property."

Also, in such opinion it was held that the law imposes no duty upon a person holding a prior mortgage or deed of trust to notify the holder of a similar subsequent or junior lien or encumbrance on the same property of his intention to sell the property under his mortgage or deed of trust. No notice of the trustee's sale was required to be given to Burkhalter. When the sale was made, Ted Musick Trust acquired the title without any claim that could be asserted by Burkhalter as against it as the purchaser at the sale.

Under similar facts a summary judgment was upheld in the case of Ted Musick v. Benjamin Franklin Savings & Loan Ass'n, 367 S.W.2d 209 (Tex.Civ.App.1963, n. w. h.). See Hampshire v. Greeves, supra; Texas Co. v. Tucker, (Tex.Civ.App., writ ref'd) 129 S.W.2d 762, 767.

In the instant case all the pleadings agree the summary judgment in Cause No. 714,201 dated November 22, 1966, is a final judgment with no appeal taken therefrom. The judgment is not in evidence. According to the pleadings, it is valid on its face. There is no attempt to set such summary judgment aside. Under such circumstances, the district court of Harris County, Texas, 133rd Judicial District, cannot enjoin process issued under a valid judgment entered by the 151st Judicial District Court of Texas. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926); Darlington v. Allison, (Tex.Civ.App.1928, wr. dism'd) 12 S.W.2d 839. Appellant is correct in his contention stated in his 2nd point of error:

"The Honorable Trial Court erred and abused his discretionary power in stopping a formal order of possession based on final judgment out of the 151st Judicial District Court, a court of equal jurisdiction, * * *"

Sustaining appellant's points of error discussed, this cause is reversed and the temporary injunction granted by the trial court is dissolved.