COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| KAREN FOLEY, | § | No. 08-07-00188-CV |
| Appellant, | § | Appeal from the |
| v. | § | 348th Judicial District Court |
| | § | |
| MARK G. DANIEL and TIM MOORE, | § | of Tarrant County, Texas |
| Appellees. | § | (TC# 348-209925-05) |
| | § | |

**O P I N I O N**

This is an appeal from the granting of a traditional motion for summary judgment and no-evidence motion for summary judgment in a suit alleging breach of contract and unjust enrichment by attorneys who were retained to make a citizen's presentation to the grand jury. We affirm in part and reverse and remand in part.

Appellant retained Appellees in January 2002 to make a citizen's presentation to the grand jury in hopes of obtaining an indictment of Nia Umoja, who was involved in a credit card scam that defrauded Appellant's business. Ms. Foley stated in her affidavit that the agreement was that the presentation would be made in April or May of 2002, but no later than June 2002. Appellees state that there was no time frame by which to make the presentation. Appellant paid a non-refundable retainer of $25,000 for the services. Appellees obtained files from the District Attorney's office regarding Ms. Foley's case. Appellees also hired an investigator, Fred Pendergraf, to help find evidence of the case. Appellees interviewed Jeanita Moore, who had all ready plead guilty in this case, by first attempting to visit with her in jail, and then by obtaining a

bench warrant. Appellees met with a representative from Bank One to familiarize themselves with the credit and debit card system. They also obtained two grand jury subpoenas to be issued for documents that were not initially produced in the District Attorney's grand jury presentment. In January 2003, Ms. Foley terminated the representation agreement with Appellees. After the termination, Appellees returned $3,000 to Ms. Foley, and provided her with copies of Mr. Pendergraf's reports.

Appellant brought suit alleging breach of contract, quantum meruit, and unjust enrichment. The trial court granted Appellees' traditional motion for summary judgment and no-evidence motion for summary judgment. On appeal, Appellant argues (1) the trial court erred in granting the traditional motion for summary judgment because Appellees' failed to negate at least one element of each cause of action and did not conclusively establish any affirmative defense, and (2) improperly granted the no evidence summary judgment motion because Appellant presented sufficient evidence to establish her claims.

In Issue One, Appellant argues the trial court erred in granting the traditional motion for summary judgment. In Issue Two, Appellant argues the trial court improperly granted the no-evidence summary judgment motion. We review a summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The traditional summary judgment standard asks whether the movant carried the burden of showing that there is no genuine issue of material fact, so that judgment should be granted as a matter of law. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). We consider all evidence in the light most favorable to the non-movant, indulging every reasonable inference in favor of the non-movant and resolving any doubt against the motion. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d

754, 756 (Tex. 2007). We also consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Id*. at 755. Where a trial court does not specify the grounds upon which it relied in granting a summary judgment, we will affirm if any ground is meritorious. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995).

In reviewing a no-evidence motion for summary judgment, we must disregard all contrary evidence and inferences, and review the evidence in the light most favorable to the non-movants. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). The moving party must specifically state the elements as to which there is no evidence. *Gray v. Woodville Health Care Center*, 225 S.W.3d 613, 616 (Tex.App.--El Paso 2006, pet denied); *see* TEX.R.CIV.P. 166a(i). The burden then shifts to the non-movants to produce summary judgment evidence raising a genuine issue of material fact regarding each element challenged. *Gray*, 225 S.W.3d at 616. If the non-movants produce more than a scintilla of evidence regarding the challenged element, a genuine issue of material fact is raised. *Id*. Less than a scintilla of evidence exists if the evidence is so weak as to create no more than a mere surmise or suspicion. *King Ranch, Inc.*, 118 S.W.3d at 751. However, when the evidence rises to a level that enables reasonable minds to differ in their conclusions, then more than a scintilla of evidence exists. *Id*. If the non-movants do not produce more than a scintilla of evidence to raise a genuine issue of material fact, the trial court "must" grant the motion. *See* TEX.R.CIV.P. 166a(i).

The elements of a claim for breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach. *Abraxas Petroleum Corp.*

*v. Hornburg*, 20 S.W.3d 741, 758 (Tex.App.--El Paso 2000, no pet.). Plaintiff failed to provide any evidence of a breach of the contract by the Defendants. Plaintiff's First Amended Original Petition alleges the Defendants breached their agreement with Plaintiff by not performing the services contemplated under the agreement and not performing the services in a workmanlike manner. The petition also states Defendants failed to timely or properly perform the services. Appellant's affidavit states that the agreement was that the indictment case would be presented in April, May, or June of 2002. However, the letter agreement shows no date by which the indictment was to be performed. Additionally, Ms. Foley is the one who terminated the services of Mr. Moore and Mr. Daniel. Because Appellant did not produce any evidence that Appellees breached the contract or showed there was a genuine issue of fact as to the breach of contract element, the trial court properly granted summary judgment on the breach of contract claim. Issues One and Two as they pertain to the breach of contract cause of action are overruled.

Quantum meruit is an equitable theory of recovery intended to prevent unjust enrichment when there is an implied agreement to pay for goods or services provided. *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990). Generally, a party may recover under quantum meruit only when there is a valid contract covering the services or material furnished. *Id*. Unjust enrichment, is not an independent cause of action but rather characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances that give rise to an implied or quasi-contractual obligation to repay. *Walker v. Cotter Props., Inc.,* 181 S.W.3d 895, 900 (Tex.App.--Dallas 2006, no pet.). In some circumstances, overpayments under a valid contract may give rise to a claim for restitution or unjust enrichment. *See Southwestern Elec. Power Co. v. Burlington Northern R.R. Co.*, 966

S.W.2d 467, 469-70 (Tex. 1998). In this case, Appellees performed some work under the contract but did not complete it. There was no testimony as to the value of the services rendered in the partial performance. Ms. Foley's affidavit stated that minimal amount of work had been completed by Appellees. The accounting received by Ms. Foley shows payments received totaling $25,000 for legal fees, expenses totaling $2,765.55, and fees refunded of $1,500 by each Mr. Moore and Mr. Daniel. A fee is not earned simply because it is designated as non-refundable. Tex.Comm. on Prof'l Ethics, Op. 431, 49 TEX. B.J. 1084-85 (1986). "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . refunding any advance payments of fee that has not been earned." TEX.R.DISCIPLINARY P. 1.15(d), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G App. A, art. 10, § 9 (Vernon 2005). Ms. Foley raised a genuine issue of material fact as to whether or not the services provided by Appellees earned the entire $25,000 fee. We sustain Appellant's Issues One and Two as they pertain to the quantum meruit and unjust enrichment claims.

We affirm the granting of summary judgment of the breach of contract claim and reverse and remand on the quantum meruit and unjust enrichment claims for trial.

October 15, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.