

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00397-CV

---

INOVA RENOVATIONS, L.L.C.                            APPELLANT

V.

DAVID M. JONES AND MINDY                   APPELLEES
LEGLER JONES

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
## TRIAL COURT NO. 2012-002125-1

----------

## MEMORANDUM OPINION[1]

----------

Between August and November 2011, Appellant Inova Renovations, L.L.C. performed repairs and renovations to two condominium units owned by Appellees David M. Jones and Mindy Legler Jones. Alleging claims for breach of contract and suit on account, Inova later sued Appellees to recover $7,189.52, an

---

[1]*See* Tex. R. App. P. 47.4.

amount that Appellees allegedly owed Inova for work that it had completed on the units. Appellees filed a counterclaim, seeking to recover $6,500 that they had allegedly expended to complete and to correct part of the work that Inova had performed. After a bench trial, the trial court found (i) that Inova had "performed some repair, renovation and remodeling work" for Appellees but that it had not sustained its burden to show that it was "owed any further payment of monies" from Appellees and (ii) that Appellees did not meet their burden to show that they were entitled to reimbursement from Inova. The trial court signed a judgment that both Inova and Appellees take nothing on their claims.

In three issues, Inova argues that the evidence is legally and factually insufficient to support the trial court's finding that Inova was not owed any additional money for the work it performed and that it is entitled to an award of attorney's fees.[2] We will affirm.

A trial court's findings of fact have the same force and dignity as a jury's answers to jury questions and are reviewable for legal and factual sufficiency of the evidence to support them by the same standards. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *see also MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 663 n.3 (Tex. 2009).

---

[2]Appellees did not appeal the trial court's judgment or file a brief.

2

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). If a party is attacking the legal sufficiency of an adverse finding on which the party had the burden of proof, it must show that no evidence supports the failure to find and that the contrary proposition is established as a matter of law. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989).

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the

3

overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). When the party with the burden of proof appeals from a failure to find, the party must show that the failure to find is against the great weight and preponderance of the credible evidence. *Dow Chem. Co.*, 46 S.W.3d at 242.

The elements of a common law action on account are (1) a sale and delivery of goods; (2) the account is just because the prices were charged in accordance with an agreement or are the usual, common, customary, and reasonable prices for the goods; and (3) the amount is unpaid. *Superior Derrick Servs., Inc. v. Anderson*, 831 S.W.2d 868, 872 (Tex. App.—Houston [14th Dist.] 1992, writ denied). The essential elements of a breach of contract claim are (1) a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages to the plaintiff resulting from the breach. *Foley v. Daniel*, 346 S.W.3d 687, 690 (Tex. App.—El Paso 2009, no pet.).

William Drenowatz is Inova's president. He testified that Appellees hired Inova to repair and renovate a condominium unit that Appellees owned in Dallas, unit 901, after it sustained water damage from a pipe that had burst in the unit immediately above it, unit 902. While Inova was working on unit 901, Appellees purchased unit 902 and hired Inova to also remodel that unit. According to

4

Drenowatz, Inova completed the work on unit 901 and was working on unit 902 when, in early November 2011, Appellees notified Inova that its services were no longer needed. Drenowatz acknowledged that Appellees did not sign a written contract, but he testified that Appellees had agreed to pay Inova for repairing and renovating units 901 and 902, that Inova had performed the agreed-upon work, and that Appellees owed Inova $7,189.52.

Mindy Jones testified that she and her husband David own condominium units 901 and 902 and that they paid Inova a total of $39,863 to repair and renovate both units. She explained that Inova had failed to timely complete the renovations to unit 901 and that she had spent an additional $17,000 to repair the work that Inova had done to unit 902. Mindy testified that she and David terminated Inova's services after receiving "a tremendous amount of invoices [that she] had never seen before." According to Mindy, "when we asked someone to audit those invoices and take a look at the work that must be required, that's when we started finding a lot of problems." David testified similarly—Inova's services were terminated because "invoices [were] appearing out of nowhere," the amount owed had "fluctuated and fluctuated and fluctuated," and "[s]tories have changed."

Appellees' testimony complaining about invoices and amounts owed effectively disputed an element that is common to both of Inova's claims—an *agreement* for the provision of services or goods. *See Foley*, 346 S.W.3d at 690, *Anderson*, 831 S.W.2d at 872. Drenowatz testified that the original estimate for

5

the work to be performed on unit 901 was $20,759.41 but that the total amount invoiced was $33,022.75. When asked to explain the difference between the two figures, Drenowatz specifically testified about two things: (i) that Inova had incurred expenses for unexpected mold remediation ($2,878.07) and plumbing ($278) and (ii) that Appellees had requested additional items that were not included in the estimate—a water heater ($1,447.02) and granite countertops ($693). Adding those figures to the original estimate, the trial court, as factfinder, could have reasonably concluded that Drenowatz's limited testimony evidenced that Appellees had agreed to pay Inova only $26,055.50 of the $33,022.75 that Inova had invoiced for the work to unit 901. Regarding unit 902, Drenowatz testified that Appellees had agreed to pay "about [$]13,000." Taken together, $26,055.50 plus $13,000 equals $39,055.50, an amount less than the $39,863 that Appellees paid Inova. To the extent that Drenowatz's testimony conflicted with other evidence, the trial court could have resolved the conflict in favor of its finding. *See City of Keller*, 168 S.W.3d at 820.

Accordingly, we hold that the evidence is legally and factually sufficient to support the trial court's finding that Inova did not sustain its burden to show that it was "owed any further payment of monies" from Appellees. *See Dow Chem. Co.*, 46 S.W.3d at 241–42. We overrule Inova's first and second issues.

In its third issue, Inova argues that, "[g]iven the insufficient evidence to uphold a take-nothing judgment," it is entitled to an award of attorney's fees in the amount of $5,701.89 pursuant to civil practice and remedies code chapter 38.

6

*See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2008). Inova is not entitled to attorney's fees under chapter 38 because it did not prevail on either its contract or account claim. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (stating that to recover attorney's fees under section 38.001, a party must prevail on a cause of action for which attorney's fees are recoverable). We overrule Inova's third issue.

Having overruled all of Inova's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  MEIER, MCCOY, and GABRIEL, JJ.

DELIVERED:  December 18, 2014