**Kevin COSTELLO, Plaintiff-Appellant**

v.

**U.S. BANK TRUST, N.A., as Trustee FOR LSF9 MASTER PARTICIPATION TRUST, Defendant-Appellee**

**No. 16-20739**
**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed May 3, 2017

---

Rick Gene Boepple, Jr., Nguyen & Chen, L.L.P., Nguyen & Chen, L.L.P., for Plaintiff-Appellant

Jeremy Jason Overbey, Esq., Lauren Beverly, SettlePou, Dallas, TX, for Defendant-Appellee

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM: *

Jose Tow owned a home subject to two liens: a $128,000 home equity loan, and a homeowners' association lien for unpaid fees and maintenance charges. After Tow fell behind on his payments, the bank[1] twice attempted foreclosure proceedings and subsequently abandoned them. The homeowners' association then foreclosed on its lien and, unbeknownst to the bank,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. The home equity loan note was owned by JPMorgan from 2009 to 2015. In 2015, it sold its interest to US Bank.

Kevin Costello attended the sale and purchased the interest for $4,600. After US Bank[2] sought to foreclose on the house for a third time, Costello filed suit in Texas court to quiet title, arguing that he owned the house outright because his interest was superior to the bank's. He also brought a claim for unjust enrichment, pointing out that he made valuable improvements to the property while he owned the home.[3]

US Bank timely removed to federal court on the basis of diversity jurisdiction and moved for judgment on the pleadings. In a well-reasoned and thorough order, the court granted its motion and dismissed both of Costello's claims.

On appeal, Costello makes three principal arguments for reversal. None have merit.[4]

■ First, he argues that the district court erred by holding that the four-year statute of limitations had not expired on US Bank's right to foreclose its interest, thus extinguishing its lien.[5] He argues that because US Bank's predecessor-in-interest, JPMorgan, first initiated foreclosure proceedings and accelerated the note in 2009, and did not ever abandon them by sending a notice of rescission, the statute expired in 2013. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) (noting that foreclosure action "accrues only when the holder actually exercises its option to accelerate"); *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (noting that acceleration "can be abandoned by agreement or other action of the parties" and that abandonment "restor[es] the note's original maturity date for purposes of accrual") (citations and quotations omitted). However, as the district court correctly noted, JPMorgan explicitly abandoned its foreclosure proceedings by nonsuiting the claim in 2010, and "a creditor can abandon or rescind its acceleration by voluntarily dismissing its claims against the debtor." *Bitterroot Holdings, LLC v. MTGLQ Inv'rs, L.P.*, No. 5:14-CV-862-DAE, 2015 WL 6442622, at *6 (W.D. Tex. Oct. 23, 2015) (citing *Denbina v. City of Hurst*, 516 S.W.2d 460, 463 (Tex. Civ. App.—Tyler 1974)).[6] Because the 2009 foreclosure proceedings were abandoned, the statute of limitations did not begin to run again until 2015, when US Bank re-accelerated the note. The instant proceedings are comfortably within the statute of limitations.

**2.** "US Bank" refers to Defendant-Appellee U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust.

**3.** Costello's complaint does not specify exactly what improvements he made, how much he spent on them, or how much they increased the home's value.

**4.** We review a district court's grant of judgment on the pleadings under Rule 12(c) de novo, applying the same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "For a complaint to avoid being dismissed for failure to state a claim, the factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) and the non-moving party must plead enough facts to state a claim to relief that is plausible on its face." *Morgan v. Swanson*, 659 F.3d 359, 400 (5th Cir. 2011) (citations, quotations, alterations, and ellipses omitted).

**5.** Costello did not include these allegations in his complaint; rather, he moved to amend his complaint to add them in response to US Bank's motion for judgment on the pleadings. Because we agree that his arguments have no merit, the district court did not err by denying his motion for leave to amend as futile.

**6.** In his brief, Costello wholly fails to address the significance of the 2010 nonsuit filing or explain how it fails to constitute abandonment.

■ Second, Costello argues that the foreclosure of the homeowners' association lien extinguished US Bank's home equity lien, which was subordinate to the homeowners' association lien. However, even assuming that he is correct on this point, US Bank (or rather, its predecessor-in-interest at the time, JPMorgan) was not made a party to the foreclosure proceedings on the homeowners' association lien. As the district court held, a foreclosure sale to which a subordinate lienholder is not a party is not sufficient to extinguish a subordinate lien. *See Herbert v. Denman,* 44 S.W.2d 441, 443 (Tex. Civ. App.—Texarkana 1931) ("[A] junior lienholder's rights will not be cut off by a foreclosure of a prior lien through a decree of court without the junior lienholder is made a party to such proceedings.").[7] Because JPMorgan was not a party to the homeowners' association foreclosure sale, its rights have not been extinguished, and Costello has no undisputed title that he can ask the court to quiet. The district court therefore did not err by dismissing Costello's claim to quiet title.

■ Third, Costello argues that the district erred by dismissing his unjust enrichment claim. However, even assuming, as he argues, that the district court erred by finding that unjust enrichment is not an independent cause of action under Texas law, and that it erred by finding that the unjust enrichment claim was governed by an express contract (the home equity lien agreement), an unjust enrichment claim would *still* fail, because he has not alleged any facts to show that show that US Bank obtained its benefit by fraud, duress, or the taking of any undue advantage. *See*

*Heldenfels Bros., Inc. v. City of Corpus Christi,* 832 S.W.2d 39, 41 (Tex. 1992) ("[A] party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage."); *see also Sherer v. Sherer,* 393 S.W.3d 480, 491 n.22 (Tex. App.—Texarkana 2013). Although Costello argues that US Bank took undue advantage of him by failing to initiate foreclosure proceedings for more than two years after he purchased his interest, this ignores the fact that Costello first failed to join US Bank in the foreclosure proceedings. Unjust enrichment is an equitable theory of recovery, *see Foley v. Daniel,* 346 S.W.3d 687, 690 (Tex. App.—El Paso 2009), and equity does not support recovery under these circumstances. US Bank's conduct was not sufficiently "unjust." *See Casstevens v. Smith,* 269 S.W.3d 222, 229–30 (Tex. App.—Texarkana 2008) ("[U]njust enrichment is not a proper remedy merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss to the claimant, or because the benefits to the person sought to be charged amount to a windfall. The profit must be 'unjust' under principles of equity." (citations and quotations omitted)). The district court thus did not err by dismissing Costello's unjust enrichment claim.[8]

AFFIRMED.

---

**7.** In his brief, Costello wholly fails to address this holding by the district court.

**8.** In any event, as the district court noted, Costello abandoned his unjust enrichment

claim by failing to address it in his response to US Bank's motion for judgment on the pleadings. *See Black v. N. Panola Sch. Dist.,* 461 F.3d 584, 588 n.1 (5th Cir. 2006).