# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2021

Lyle W. Cayce
Clerk

No. 21-20002

Deutsche Bank National Trust Company, as trustee for Ameriquest Mortgage Securities Incorporated, Asset-Backed Pass-Through Certificates, Series 2004-R10,

*Plaintiff—Appellee*,

*versus*

Saihat Corporation,

*Defendant—Appellant*.

Appeal from the United States District Court for the
Southern District of Texas
USDC No. 4:19-CV-825

Before Higginbotham, Stewart, and Wilson, *Circuit Judges*.
Per Curiam:*

This case is a dispute over competing interests in a foreclosed property. The district court granted summary judgment to plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") after concluding that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20002

Deutsche Bank's lien survived a prior foreclosure as a matter of Texas law and Deutsche Bank hence was entitled to foreclose against defendant Saihat Corporation ("Saihat"). We AFFIRM.

**I.**

Bryan Daniel purchased a property in 1998. Daniel financed his purchase with a loan and executed a deed of trust and a purchase money deed of trust in favor of Equity Secured Investments, Inc. The initial loan was paid off with a home equity loan in 2004 and the associated liens were released. The home equity loan was secured by a first lien security interest that was subsequently assigned to its current holder, Deutsche Bank.

The property is located within a homeowners' association in LaPorte, Texas. The HOA's governing document requires homeowners to pay assessment fees and to reserve a vendor's lien in favor of the HOA with the right to enforce through foreclosure. The HOA's governing document also states that the HOA's lien is "secondary, subordinate, and inferior to all liens, present and future given, granted and created by or at the instance and request of the Declarant and the Owner of any such lot . . . ." The governing document requires the HOA provide first mortgage lien holders with sixty days' written notice of a foreclosure action.

The Daniels later defaulted on their HOA fees and the HOA filed a foreclosure action in state court. Deutsche Bank was not a party to the state court action.[1] Saihat bought the property at a constable's sale following the foreclosure. Deutsche Bank then sued Saihat and the HOA. Deutsche Bank argued that its lien was senior to the HOA's lien and therefore its lien survived the HOA's foreclosure sale, making Saihat's interest junior to

---

[1] *See Fairmont Park E. Homeowners Ass'n v. Martha Daniel*, No. 201702032 (157th Dist. Ct. Harris County, Tex. Jan. 1, 2017).

2

No. 21-20002

Deutsche Bank's lien. Deutsche Bank further argued that it is permitted to foreclose on the property because the Daniels defaulted on their mortgage and, alternatively, the foreclosure sale to Saihat triggered an acceleration provision in the mortgage. Deutsche Bank's claims against the HOA were dismissed without prejudice following an agreed judgment. Deutsche Bank then moved for summary judgment against Saihat.

The district court granted summary judgment to Deutsche Bank on the basis that, regardless of the seniority of the liens, Deutsche Bank's lien survived the HOA's foreclosure. Without ruling as to the seniority of the liens, the district court held that if Deutsche Bank's lien was junior, Deutsche Bank should have been joined to the HOA's foreclosure action. As Deutsche Bank was not joined, its lien survived as a matter of Texas law. Alternatively, the district court held that Texas law requires an HOA to provide notice to junior liens of any delinquency prior to foreclosure. Thus, the district court concluded that either Deutsche Bank's lien survived as the senior lien or it survived as a junior lien under Texas law due to the HOA's failure to join or provide notice to Deutsche Bank. Saihat filed a motion for reconsideration, which the district court denied. Saihat then timely appealed.

## II.

We review *de novo* a district court's grant of summary judgment.[2] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] "The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on

---

[2] *Martin Res. Mgmt. Corp. v. AXIS Ins. Co.*, 803 F.3d 766, 768 (5th Cir. 2015).

[3] FED. R. CIV. P. 56(a).

an essential element of her case with respect to which she has the burden of proof."[4]

## III.

As a threshold matter, Saihat argues that summary judgment was improper because the district court relied on facts and arguments first raised in Deutsche Bank's reply brief in support of its motion for summary judgment. Deutsche Bank's motion for summary judgment and Saihat's response focused on the seniority of the liens. Deutsche Bank argued in its reply that its lien alternatively survived due to the HOA's failure to join or notify Deutsche Bank to the foreclosure. However, Deutsche Bank had also stated this argument in its prior amended complaint.

We have previously held that "Rule 56(c) merely requires the court to give the non-movant an adequate opportunity to respond prior to a ruling."[5] Here, Saihat was aware of the amended complaint and could have addressed its claims, knowing that the district court may consider materials not cited in the motion for summary judgment.[6] Further, Saihat was permitted a sur-reply following Deutsche Bank's reply which placed the HOA's failure to join or give notice directly at issue. Saihat failed to address this argument in its sur-reply. Therefore Saihat was not prejudiced by Deutsche Bank's failure to raise this issue in its initial motion for summary judgment.[7] The district court's reliance on arguments raised in Deutsche Bank's amended complaint and reply was not improper.

---

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks removed).

[5] *Jackson v. Widnall*, 99 F.3d 710, 713 (5th Cir. 1996).

[6] FED. R. CIV. P. 56(c)(3).

[7] *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004).

No. 21-20002

**IV.**

We review whether Deutsche Bank met its burden by identifying the basis for its motion and portions of the record which demonstrate the absence of a genuine issue of material fact.[8] Deutsche Bank argued that its lien was senior under the terms of the HOA agreement or that its lien survived due to the HOA's failure to join or give notice to Deutsche Bank. As to the first argument, Deutsche Bank provided the district court with the HOA's governing document to establish its seniority. However, the district court did not rely on this argument, declining to rule on the seniority of the liens. Instead the district court relied on the HOA's failure to join or give notice to Deutsche Bank.

Texas law requires that a senior lienholder join junior lienholders to foreclosure proceedings; failure to do so results in the junior liens surviving the foreclosure.[9] In its summary judgment order, the district court did not state what evidence it relied on in determining that the HOA failed to join Deutsche Bank in the foreclosure. However, the district court stated in its subsequent order denying Saihat's motion for reconsideration that it had relied on the agreed judgment between Deutsche Bank and the HOA from the outset of litigation. In the agreed judgment, the HOA admitted that Deutsche Bank's lien was superior and that the HOA failed to join Deutsche Bank to the previous foreclosure suit. Deutsche Bank argues that the agreed judgment amounts to a judicial admission that should withdraw the fact that

---

[8] *Celotex*, 477 U.S. at 323.

[9] *Herbert v. Denman*, 44 S.W.2d 441, 443 (Tex. Civ. App.—Texarkana 1931); *McDonald v. Miller*, 39 S.W. 89, 95–96 (Tex. 1897). *See also Costello v. U.S. Bank Tr., N.A.*, No. CV H-16-702, 2016 WL 5871459, at *4 (S.D. Tex. Oct. 7, 2016) *aff'd sub nom. Costello v. U.S. Bank Tr., N.A. for LSF9 Master Participation Tr.*, 689 F. App'x 253, 256 (5th Cir. 2017) (per curiam).

it was not joined from contention. But because judicial admissions are only binding against the party that made them, the agreed judgment only bound the HOA, not Saihat.[10]

Nonetheless, this Court may take notice of a fact that is not subject to reasonable dispute and is capable of accurate and ready determination by resorting to sources whose accuracy cannot be reasonably questioned.[11] Upon examination of the state court records, we take judicial notice of the fact that Deutsche Bank was not a party to the prior foreclosure action by the HOA against the Daniels.[12] Thus, even if Deutsche Bank's lien was junior to the HOA's lien, it survived as a matter of Texas law.

The district court held, in the alternative, that Deutsche Bank's lien would survive because it was not given written notice of the HOA's foreclosure proceedings as required by Texas Property Code § 209.0091. Section 209.0091 establishes prerequisites for a property owners' association seeking foreclosure on an assessment lien. These requirements include providing notice of the delinquency giving rise to the property owners' association's foreclosure to any other holder of a lien of record whose lien is inferior to the property owners' association's lien.[13]

The HOA's governing document also requires the HOA to give first lien holders written notice prior to foreclosure, consistent with the requirements of § 209.0091. Saihat has presented no evidence that the HOA

---

[10] *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001).

[11] *Gov't of Canal Zone v. Burjan*, 596 F.2d 690, 694 (5th Cir. 1979) (citing FED. R. EVID. 201).

[12] *See Fairmont*, No. 201702032.

[13] TEX. PROP. CODE § 209.0091(a)(1).

No. 21-20002

gave notice to Deutsche Bank.[14] Saihat argues that Deutsche Bank has no proof that it did not receive notice. Saihat asks too much of Deutsche Bank; on summary judgment, it was Saihat's burden to prove notice was given.[15] As to Deutsche Bank's argument that it should have received notice as a matter of Texas law, it has met its burden as the movant for summary judgment. Saihat failed to create a genuine issue of material fact as to whether notice was given to Deutsche Bank.[16]

Having found that Deutsche Bank's interest is superior to Saihat's interest even if Deutsche Bank's lien was junior to the HOA's lien, we need not reach the issue of seniority.

## V.

Saihat also argues that Deutsche Bank had a statutory right of redemption under Texas Property Code § 209.011 and that Deutsche Bank's failure to redeem forfeits its interest in the property. Deutsche Bank responds that this argument is waived. Saihat cited a statutory right to redeem in a supplemental response to Deutsche Bank's motion for summary judgment. However, Saihat failed to preserve this argument for appeal.

> As we have held, if a litigant desires to preserve an argument for appeal, the litigant must press and not merely intimate the

---

[14] *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016).

[15] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[16] Saihat argues that Deutsche Bank was not entitled to notice based upon *Hampshire v. Greeves*, 143 S.W. 147 (Tex. 1912). However, *Hampshire* predates the legislation which set forth the § 209.0091 notice requirements by nearly a century. 2011 Tex. Sess. Law Serv. Ch. 1282 (H.B. 1228). Further, *Hampshire* made clear that while a junior interest holder could not stop a senior interest holder from foreclosing, the rights of the junior interest holder are in no way affected by the judicial foreclosure to which it was not a party. *Hampshire*, 143 S.W. at 150.

argument during the proceedings before the district court. If an argument is not raised to such a degree that the district court has an opportunity to rule on it, we will not address it on appeal.[17]

At no point in its argument before the district court did Saihat argue that § 209.011 extinguished Deutsche Bank's lien. Rather Saihat only recited portions of the statute and relied on § 209.011 to argue that Deutsche Bank was not owed notice. Absent an argument from Saihat that § 209.011 extinguished Deutsche Bank's lien, the district court had no opportunity to address it and no reason to consider the issue. Additionally, nothing in § 209.011 suggests that redemption is compulsory or would lead to a forfeiture of interest by another lienholder. Courts have repeatedly found that § 209.011 creates a right to redeem, not an affirmative duty.[18] Further, it is unclear how Deutsche Bank could be expected to redeem without the notice required by § 209.0091. As Saihat waived its § 209.011 argument, we need not and do not address it further.

## VI.

The district court correctly held that there was no scenario in which Deutsche Bank did not have a superior interest to that of Saihat. Either Deutsche Bank's lien was senior to the HOA lien or Deutsche Bank's lien was junior but survived the HOA foreclosure action because the HOA failed to join or give notice to Deutsche Bank. We AFFIRM.

---

[17] *F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994).

[18] *DTND Sierra Invs., LLC v. Wells Fargo Bank, N.A.*, No. SA-12-CV-662-FB, 2012 WL 12886605, at *4–5 (W.D. Tex. Aug. 13, 2012), *DTND Sierra Invs. LLC v. CitiMortgage, Inc.*, No. SA-12-CV-80-XR, 2012 WL 1711738, at *7–8 (W.D. Tex. May 15, 2012).